## NA-MOR, INC. *v.* RALPH ROBALLEY ET AL.
### (9129)

DALY, O'CONNELL and FOTI, Js.

Argued January 7—decision released March 12, 1991

*Thomas J. Rosati,* for the appellants (defendants).

*Brian McCormick,* for the appellee (plaintiff).

FOTI, J. The defendants[1] appeal from the granting of the plaintiff's motion for summary judgment. The defendants claim that the court improperly found that no genuine issue of material fact existed to preclude the granting of the motion for summary judgment for

---

[1] The defendants bringing this appeal are Ralph Roballey and Wallace Denzel. It was against these two defendants that the court rendered summary judgment. A third defendant, The Connecticut Bank and Trust Company, N.A., filed a disclosure of defense indicating that it is an owner and holder of a mortgage recorded prior to the mortgage being foreclosed, and is not affected by this action.

the plaintiff on its complaint and against the defendants on their counterclaim. We affirm the judgment of the trial court.

The following facts are relevant to the disposition of this appeal. In September, 1989, the plaintiff, holder of a $200,000 purchase money second mortgage on real estate consisting of four residential apartment buildings, which it sold to the defendants on September 10, 1987, for $965,000, began foreclosure proceedings. The mortgage note signed by the defendants called for a maturity date of two years. The foreclosure complaint alleged that the defendants defaulted in failing to pay the mortgage upon maturity. The defendants filed a disclosure of defense and a counterclaim that alleged that the plaintiff had breached the terms of the original sale contract by reducing the term of the mortgage note from three to two years and then coerced the defendants into purchasing the property with that two year maturity date, and that the plaintiff had misrepresented the terms on which it would grant the defendants an extension of the purchase money mortgage note.

The pleadings were closed and on April 5, 1990, the plaintiff filed its motion for summary judgment supported by an affidavit by the plaintiff's president and fifteen exhibits, along with its memorandum of law.

On the morning of the hearing, the defendants filed their counteraffidavit and memorandum of law.[2] The

[2] The plaintiff alleges that since the court did not file a memorandum of decision, its granting of the plaintiff's motion for summary judgment may be upheld because of the defendants' failure to follow the rules of practice; Practice Book § 380; by failing to file an opposing affidavit or memorandum of law until the morning of the hearing. Although this may have been a sufficient basis for granting the plaintiff's motion, the court accepted the affidavit and it is clear from the judgment file, which was signed by the judge, that the court found "that there is no genuine issue as to any material fact on the complaint or the counterclaim and that the plaintiff . . . is entitled to judgment as a matter of law."

court, without memorandum, granted the motion in the plaintiff's favor on both the complaint and the counterclaim. Neither party requested an articulation.

" 'Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." ' " *Connell* v. *Colwell*, 214 Conn. 242, 246, 571 A.2d 116 (1990). "The test is whether a party would be entitled to a directed verdict on the same facts." *Connelly* v. *Housing Authority*, 213 Conn. 354, 364, 567 A.2d 1212 (1990); *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 380, 260 A.2d 596 (1969).

"A 'material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." *United Oil Co.* v. *Urban Redevelopment Commission*, supra, 379; *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990); *Catz* v. *Rubenstein*, 201 Conn. 39, 48, 513 A.2d 98 (1986). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." *Burns* v. *Hartford Hospital*, 192 Conn. 451, 455, 472 A.2d 1257 (1984). It is not enough, however, merely to assert the existence of such a disputed issue; id.; the genuine issue aspect requires the party " 'to bring forward before trial *evidentiary facts, or substantial evidence outside the pleadings,* from which the material facts alleged in the pleadings can warrantably be inferred.' " (Emphasis added.) *Sheridan* v. *Board of Education*, 20 Conn. App. 231, 239, 565 A.2d 882 (1989), quoting *United Oil Co.* v. *Urban Redevelopment*

*Commission,* supra, 378–79; note, 48 Colum. L. Rev. 780, 781. "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." *Connell* v. *Colwell,* supra.

The defendants rely solely on their disclosure of defense and counterclaim, and on their affidavit to support their contentions. The relevant portion of their affidavit, signed by the named defendant, neither alleges nor shows coercion by the plaintiff in forcing a closing. After being told that the term would not be three years, the affiant objected to the change, was told that the term would not be negotiated and "[a]t that point I had already incurred considerable expense preparing for closing and it was not economically feasible to cancel the transaction. I was told by [plaintiff's president] that if I encountered difficulty after the closing she would consider an extension of the terms."

The affidavit further states that an extension, subsequent to the closing, was offered by the plaintiff but evidently rejected by the named defendant because "[u]pon receipt of the plaintiff's letter of August 30, 1989, I was shocked to see that the term[s] of the extension as prepared were entirely unreasonable."

There is no substantial evidence, or any evidentiary facts outside the pleadings from which "the material facts alleged in the pleadings [could] warrantably be inferred"; *Sheridan* v. *Board of Education,* supra. While the allegations, if substantiated, would raise an issue of material fact, the trial court properly granted the plaintiff's motion for summary judgment as it could not find that there was a *genuine* issue of any material fact; no such fact was substantiated.

The judgment is affirmed.

In this opinion the other judges concurred.