[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
In its complaint dated January 18, 1991, the Plaintiff, Town of Fairfield, (hereinafter "Fairfield") sought damages from the Defendant, Town of Ridgefield, (hereinafter "Ridgefield"), for Ridgefield's alleged failure to pay its proportionate share of unreimbursed health and welfare services for children who are residents of Ridgefield and attend private nonprofit schools in Fairfield. On September 3, 1991, Fairfield filed the instant Motion for Summary Judgment, together with supporting affidavits claiming that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. The Town of Ridgefield did not respond to Fairfield's motion for summary judgment. The motion appeared on the non-arguable short calendar on December 2, 1991.
FACTUAL BACKGROUND CT Page 10265
According to the affidavits submitted in support of the motion, during the 1988-1989 school year fifty-two (52) children who were residents of Ridgefield attended private nonprofit schools in Fairfield of this number, fifty-one attended Fairfield Preparatory School and one child attended Eagle Hill-Southport. The Town of Fairfield provided health and welfare services for these students during the 1988-1989 school year The health and welfare services provided to students included school physician, school nurse, dental hygienist, school psychologist, speech remedial services and various support personnel for these services. After reimbursement by the State of Connecticut, the average unreimbursed cost for health and welfare services per student attending private nonprofit schools in Fairfield was $54.45.
Written notification setting forth the claim of the Town of Fairfield for reimbursement for providing health and welfare services for students residing in Ridgefield was forwarded to the Town of Ridgefield on January 30, May 2, and September 17, 1990.
The Town of Ridgefield has not reimbursed the Town of Fairfield for these health and welfare services.
LEGAL DISCUSSION
The motion for summary judgment is "designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried." Mac's Car City v. American National Bank,205 Conn. 255, 261 (1987). Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Conn. Practice Book 384. A material fact is a, fact which will make a difference in the result of the case. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,379 (1969). The function of this court is to determine whether an issue of material fact exists, not to decide such issue. Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
In the present case, the plaintiff has presented proof that fifty-two children who were residents of Ridgefield attended private nonprofit schools in Fairfield during the school year 1988-1989, and that written notification for reimbursement for' health and welfare services was provided to the Town of Ridgefield. Connecticut General Statutes 10-217a provides in pertinent part, as follows:
(a) Each town or regional school CT Page 10266 district which provides health and welfare services for children attending its public schools in any grade, from kindergarten to twelve, inclusive shall provide the same health and welfare services for children in such grades attending private nonprofit schools therein, when a majority of the children attending such schools are residents of the state of Connecticut. . . .
 (d)(1) Upon written notification from the town or regional school district providing such services, the town of which children attending such private schools are residents shall pay to the town or regional school district which provided such services during the fiscal year ending June 30, 1989, a proportionate share of the average unreimbursed cost per child for providing such services. . . .
In support of its motion, Fairfield filed affidavits with supporting documentation as to the Ridgefield children who attended private schools in Fairfield, computations as to the costs for health and welfare services provided, and notifications sent to the Town of Ridgefield for reimbursement, together with a memorandum of law. Despite the dictates of Connecticut Practice Book 380, the Town of Ridgefield filed nothing in opposition to the motion for summary judgment. "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984), Na-Mor, Inc. v. Roballey, 24 Conn. App. 215, 217 (1991). The plaintiff's evidence cannot be rebutted by the defendant's answer containing a general denial Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 579 (1990).
Based on all the foregoing, this Court finds that there is no genuine issue of material fact and that the plaintiff is entitled to judgment as a matter of law. The Plaintiff Town of Fairfield's Motion for Summary Judgment is granted.
Judgment for the plaintiff in the amount of $2,831.40.
SO ORDERED
MICHAEL HARTMERE, JUDGE CT Page 10267