[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action to foreclose a mechanic's lien filed by the plaintiff against the defendant's property. The defendant has filed a motion for summary judgment on the ground that the services an materials furnished by the plaintiff for the subject property amounted to home improvements, and that the plaintiff is barred from collecting for their value as a result of section20-429 of the General Statutes.
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority,213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11. A material fact is one that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, Once 1,1 the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. State v. Goggin,208 Conn. 606, 616; Bartha v. Waterbury House Wrecking Co., supra, 11, 12. The party opposing the motion must raise evidentiary facts or substantial evidence outside the pleadings from which the material facts alleged in the pleadings can warrantable be inferred. Na-Mor, Inc. v. Roballey, 24 Conn. App. 215, 217. A claim that factual issues exists is insufficient to establish the existence of a material fact and cannot refute evidence properly presented in support of the motion. Connell v. Colwell, 214 Conn. 242,254; Bartha v. Waterbury House Wrecking Co., supra, 12. CT Page 11143
The defendant has raised section 20-429 of the General Statutes as a special defense to this action. In a reply to the second special defense, the plaintiff admits that there was only a verbal agreement between himself and the defendant. He also admitted this at his deposition. The oral agreement between the parties was apparently reached prior to the amendment of the statute effective October 1, 1988.
The version of the statute governing the oral contract between the parties provided that no home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor. Section 20-429(a) of the General Statutes. A "home improvement contract" is defined by section 20-419(3) as "any person who owns and operates a home improvement business or who undertakes, offers to undertake or agrees to perform any home improvement." The work performed by the plaintiff amounted to construction on the defendant's existing private residence. The plaintiff does not question that the work performed meets the definition of a "home improvement" as defined in section 20-419(4) of the General Statutes.
The defendant hired an architect to coordinate construction on the property, and the plaintiff dealt with the architects. Even if the architect was the defendant's agent as claimed by the plaintiff, section 20-429 still applies and required a written agreement between the plaintiff and either the defendant or the defendant's agent. The written contract must be between the owner and the contractor. The plaintiff was a "contractor" as defined in section20-419(3) whether or not the defendant acted through an agent. The statute does not make a distinction between a general contractor and subcontractor.
It was held in Caulkins v. Petrillo, 200 Conn. 713, 720 that section 20-429 required a home improvement contract to be in writing in order to be enforceable and that an oral agreement was not enforceable by a home improvement contractor. A series of subsequent decisions have held that the contractor cannot circumvent the requirements of the statute by claims of quasi-contract, quantum meruit or unjust enrichment, Barrett Builders v. Miller, 215 Conn. 316; A. Secondino Son, Inc. v. LoRicco,215 Conn. 226; Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345; Sidney v. DeVries, 215 Conn. 350. The opinions do indicate that noncompliance of the contractor with the statute is excused if CT Page 11144 there is proof of bad faith on the part of the homeowner. Barrett Builders v. Miller, supra, 328; A Secondino Son, Inc. v. LoRicco, supra, 340; Liljedahl Bros., Inc. v. Grigsby, supra, 350.
In order to prevent summary judgment, the plaintiff has claimed in the reply to the second special defense that the defendant has relied upon section 20-429 in bad faith, The specific basis for the claim is not alleged, and no affidavit has been filed containing specific acts of conduct sufficient to raise a question of fact as to whether the defendant acted in bad faith. In order to prevent summary judgment, the plaintiff must present a factual basis for his claim of bad faith. Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn. App. 162, 169. The concept of bad faith generally implies or involves both "actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." Habetz v. Condon,5 Conn. L. Rptr. 37, 39 (1991), quoting Black's Law Dictionary, 4th Edition. "`Bad faith' is an indefinite term that contemplates a state of mind affirmatively operating with some design or motive of interest or ill will." Wadia Enterprises, Inc. v. Hirschfeld, supra, 169; Grasso Paving Landscaping, Inc. v. Five Twenty-one Corp., 7 CSCR 844 (1992). In Wadia Enterprises, Inc. v. Hirschfeld, the plaintiff's affidavits in opposition to the motion for summary judgment contained minimal information on the issue of bad faith, and the court stated at page 170 that "[m]ere statements of legal conclusions; [citation omitted]; and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment. [Citation omitted.] Even if we assume arguendo that the plaintiff's allegations are true, we nevertheless must conclude that the plaintiff has failed to present the requisite underlying factual basis sufficient to raise a genuine issue of bad faith on the part of the defendants." In Grasso Paving Landscaping, Inc. v. Five Twenty-one Corp., summary judgment was denied because the plaintiff presented an affidavit containing facts which were sufficient to raise a material issue of fact on the issue of bad faith. In this case, the plaintiff has filed nothing on that issue.
The plaintiff claims that since this case is a foreclosure of a mechanic's lien rather than an action on a contract, that he is entitled to recover from the defendant. There is the related claim, previously rejected, that the architect acted as the defendant's agent and general contractor on the project. The short answer to this CT Page 11145 defense is that even though the plaintiff is foreclosing a mechanic's lien, and the lien is based upon a contractual claim arising out of improvement of the property with the consent of the owner or someone acting on the owner's behalf in procuring the labor or materials. In Wadia Enterprise, Inc. v. Hirschfeld, supra, the fact that the defendant had an architect who approved the work did not preclude a defense based on section 20-429(a) of the General Statutes and a summary judgment for failure to comply with that statute.
The motion for summary judgment is granted.