[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Dime Savings Bank (Dime), seeks a judgment of foreclosure against Robert and Barbara Zanesky, the defendants. Plaintiff claims that the defendants failed to pay the May 1988 installment on their mortgage note and have continuously failed to pay each installment thereafter. The defendants denied this allegation and filed a special defense that plaintiff failed to adequately maintain their account in that Dime debited another customer's bounced check to defendants' account, improperly assessed interest and late charges, continually refuses to correct the errors made in plaintiff's records, and has engaged in unfair trade and collection practices.
The plaintiff has now moved for summary judgment (#137). "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." (Citation omitted.) Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). "Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citation omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-781,595 A.2d 334 (1991). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citations omitted.) Na-Mor, Inc. v. Roballey, 24 Conn. App. 215, 217, 587 A.2d 427 (1991). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact. . .a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted.) Connecticut Bank Trust Co v. Carriage Lane, supra, 781. "In deciding a motion for summary judgment, the trial court must view CT Page 4138 the evidence in the light most favorable to the nonmoving party." (Citations omitted.) Id.
Plaintiff has shown that defendants executed the mortgage note, that it holds the note, and that the defendants have failed to make necessary payments on the note. Plaintiff has proved these elements by way of affidavit and other documentary evidence submitted with the memorandum of law. In addition, defendants' special defense is not responsive to the complaint and does not refute the claim that the defendants are in default.
In their objection to plaintiff's motion for summary judgment, defendants claim that there are genuine issues of material fact. They have not filed a memorandum of law in support of their position, but have filed affidavits as well as other documents. These other documents include copies of various checks allegedly made out by Mrs. Zanesky to plaintiff for monthly installments due and owing on the note.
Motions for summary judgment are based on the affidavits and other supporting documentation presented by both sides. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as could be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Practice Book 381. "It is recognized that an affidavit may be used to introduce documentary or other written proof, and in that event such written materials should be [sworn or certified and] attached to the affidavit or served with it. . . ." (Citations omitted.) Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1, 9, 513 A.2d 1218
(1986); Practice Book 381.
Defendants' filing with respect to plaintiff's motion for summary judgment is inadequate. They did not file a memorandum of law in support of the objection. Their affidavits and other documentary proof in opposition to summary judgment are inappropriate. First, the affidavit of Mr. Zanesky is identical to that of his wife's affidavit; her name appears on the first page as the affiant and all statements are from Mrs. Zanesky's perspective. The only real difference in the two affidavits is that the signature space on the last page of one of the documents has been changed so as to allow for Mr. Zanesky's signature. While the mistake in "Mr. Zanesky's affidavit" is most likely the result of a lack of attention to detail, the affidavit is inadmissible evidence. In addition, both affidavits contain many statements CT Page 4139 that are self-serving and are more appropriately contained in a memorandum of law. As far as the appropriateness of the documentary evidence, the copies of alleged cashed checks made out to plaintiff were uncertified and virtually illegible. The attempt by the defendants to enlighten the court with respect to the timeliness of the alleged payments falls short. The uncertified documents contain illegible notions, handwritten mathematical calculations and incomprehensible references to poorly marked exhibits.
To the contrary, the affidavit of Cecilia McGovern, an officer of Dime, is based on personal knowledge, is comprehensive and details the plaintiff's collection efforts, including the matter of defendants' checks allegedly misapplied by the bank. Wadia Enterprises. Inc. v. Hirschfeld, 27 Conn. App. 162, 166, 168-70,604 A.2d 1339 (1992), summarizes the obligations of the nonmovant: (i) the party opposing summary judgment must substantiate its claim to the contrary by showing that there is a genuine issue of material fact, and must disclose the evidence establishing the existence of such an issue; (ii) "[m]ere statements of legal conclusions. . .and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment;" (iii) "[i]t is not enough that one opposing a motion for a summary judgment claims that there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit;" (iv) "[i]t is not enough. . .merely to assert the existence of such a disputed issue. . .[instead] the genuine issue aspect requires the party to bring forward before trial evidentiary facts, or substantial evidence outside of the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred;" and (v) "[m]ere statements of legal conclusions or that an issue of fact does not exist are not sufficient to raise the issue." (Internal citations and quotation marks omitted.)
The defendants' affidavits fall far short of meeting the standards set forth in Wadia. Where affidavits submitted by a party do not satisfy the requirements of Practice Book 381, a court cannot rely on them when deciding a motion for summary judgment. Fogarty v. Rashaw, 193 Conn. 443, 444, 476 A.2d 582
(1984).
Based upon the evidence before it, the court concludes that the issue presented by defendants that the alleged default was the result of account recording errors on plaintiff's part does not CT Page 4140 present a genuine issue of material fact. The plaintiff has adequately carried its burden to show that there exists no genuine issue of material fact and that the Dime is entitled to judgment as a matter of law.
Therefore, a summary judgment enters in favor of the plaintiff and the case should now be claimed for the foreclosure short calendar for further appropriate orders.
So Ordered.
Dated at Stamford, Connecticut this 28th day of April, 1993.
WILLIAM BURKE LEWIS, JUDGE