[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants in this action, the City of Bridgeport and Anthony Puccio, a detective in the Bridgeport Police Department, have filed a motion for summary judgment on the ground of governmental immunity. The plaintiff's decedent, Juan Antonio Sosa, was shot and killed on June 12, 1988 in the Seaside Park area of Bridgeport. It is claimed that during a physical confrontation the decedent was intentionally shot and killed by one Rick Perez, accompanied by David Rivera and Edgar Munoz. The three assailants are claimed to be members of a gang called Legion of Doom. The first count of the complaint is based on7-108 of the General Statutes which imposes a duty upon municipal officials to exercise reasonable care to prevent or suppress mobs, riots and assemblies engaged in disturbing the peace. The Bridgeport Police Department had received a formal complaint from the victim and family of a boy who was assaulted on May 20, 1988 by the same three gang members, Perez, Rivera and Munoz. The plaintiff claims that if they had been arrested when the complaint was filed that the fatal assault on the decedent would not have occurred on June 12, 1988. CT Page 5531
The second count claims negligence on the part of Detective Puccio for failure to prevent the shooting on June 12, 1988 as the officer in charge of the investigation of the prior assault, and the third count claims derivative liability of the City of Bridgeport based on 7-465 of the General Statutes.
A summary judgment may be granted under 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. To prove that there is no genuine issue as to any material fact, the moving party must show that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442, 445. A material fact has been defined as a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578. In deciding whether there is a material issue of fact, the evidence is considered in the light most favorable to the non-moving party. Connell v. Colwell,214 Conn. 242, 246, 247. However, the party opposing the motion must raise evidentiary facts or substantial evidence outside the pleadings from which material facts can reasonably be inferred. Na-Mor, Inc. v. Roballey, 24 Conn. App. 215, 217; United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378, 379. Where there is no genuine issue as to any material fact, the next question is whether the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., supra, 11. That is resolved by applying to the established facts the same test as is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364; Connell v. Colwell, supra, 247.
While there are some disputed factual issues in this case, they are not material to a defense of governmental immunity and whether the defendants may be liable under 7-108 of the General Statutes. In the plaintiff's answer to interrogatories, it is admitted that no complaint was ever made by the decedent or his guardian to the Bridgeport Police Department that he would be hurt or killed by any of the assailants or by a group known as The Legion of Doom. It is also conceded that the decedent did not complain to the police that he was being victimized along CT Page 5532 with the prior complainant, Eddie Tosado, on or about May 20, 1988 when Tosado was assaulted by Perez, Rivera and Munoz.
The operation of a police department is a discretionary governmental function, and acts or omissions related to police functions ordinarily do not give rise to liability on the part of the municipality or a cause of action in tort against it. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 179, 180. The investigation of crimes and decisions to make arrests for them is clearly a discretionary rather than a ministerial function. Whether or not governmental immunity exists for the conduct of the municipality, its officers and employees, is a question of law. Id, 170; Shore v. Stonington, 187 Conn. 147,153; Brown v. Branford, 12 Conn. App. 106, 111.
As a police officer, Anthony Puccio was an employee of the defendant city, a municipal corporation. A municipal employee has qualified immunity in the performance of a governmental duty involving the exercise of discretion. Evon v. Andrews,211 Conn. 501, 505; Fraser v. Henninger, 173 Conn. 52, 60. Connecticut law recognizes three exceptions to immunity from liability for discretionary, governmental acts: (1) where the circumstances make it apparent to the public officer that failure to act is likely to subject an identifiable person to imminent harm; (2) where a statute specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws; and (3) where the alleged act involved malice, wantonness or intent to injure, rather than negligence. Evon v. Andrews, supra, 505. The plaintiff claims that there is negligence liability here under the first and second exceptions. There is no claim of intentional misconduct or intent to injure, or that the governmental functions were ministerial acts. See Connecticut Law of Torts, 91.
Connecticut has given limited recognition to the readily identifiable person/imminent harm exception to the general rule of governmental immunity for employees engaged in discretionary activities. Evon v. Andrews, supra, 507. In Sestito v. Groton,178 Conn. 520, 528, a police officer on duty observed a group of men drinking, arguing and scuffling in a parking lot outside of a bar, but the officer did not intervene until he heard gun shots. It was held that there was a question of fact whether, under the circumstances, the plaintiff's decedent, who died as a result of being shot, was then an identifiable person subject to imminent harm. On the other hand, in Gordon v. Bridgeport CT Page 5533 Housing Authority, supra, it was held as a matter of law that there was no breach of a private duty owed to the plaintiff to provide police protection at a housing project, and that nonperformance of a discretionary, governmental function owed to the public at large could not be the basis for a negligence action. In Shore v. Stonington, supra, a police officer stopped a speeding automobile, but despite evidence of intoxication did not arrest the driver, who later struck a vehicle operated by the plaintiff's decedent who died from the injuries sustained in the collision. It was held that the plaintiff had failed to prove that the plaintiff's decedent was an identifiable person subject to imminent harm when the police officer failed to make an arrest. See also Iulo v. City of Milford,3 Conn. L. Rptr. 65
(1990) (no liability of municipal police officers for failure to promptly pursue a person who had burglarized the plaintiff's home).
The exception has only been extended to encompass situations of personal danger to an identifiable person. The plaintiff's decedent was only one of many members of the community, and there was nothing to indicate at any time between May 20, 1988 and June 12, 1988 that the plaintiff was under any imminent danger from the three persons who assaulted Tosado on May 20th. A police officer's public duty to provide police protection does not become a special duty to prevent harm to an individual unless there is a showing of imminent harm to an identifiable victim. Shore v. Stonington, supra, 156. Even under the directed verdict test, this case does not come within that exception.
The next question is whether 7-108 of the General Statutes specifically provides for a cause of action against a municipality or police officer for the failure to make an arrest of the three alleged gang members. The relevant portion of the statute makes a city liable for the personal injury or death of any person "caused by an act of violence of any person or persons while a member of, or acting in concert with, any mob, riotous assembly or assembly of persons engaged in disturbing the public peace, if such city or borough, or the police or other proper authorities thereof, have not exercised reasonable care or diligence in the prevention or suppression of such mob, riotous assembly or assembly engaged in disturbing the public peace." As stated in Sestito v. Groton, supra, 524, "in order to recover damages under this statute, a plaintiff must prove that the defendant town owed a duty of reasonable care or CT Page 5534 diligence as prescribed in the statute and breached that duty, thereby causing injury compensable by damages. General Statutes7-108 is a legislative waiver of sovereign immunity, and therefore must be construed narrowly."
The parties here debate whether the joint action of the three assailants amounts to a "mob, riotous assembly or assembly engaged in disturbing the public peace" and whether the three assailants were in fact a gang at the time of the assaults on May 20 and June 12, 1988. In some cases the activities of only three persons may be covered by the statute. Sestito v. Groton, supra, 525. However, it is not necessary to resolve these questions. The plaintiff must also prove in order to recover under the statute that the police did not exercise reasonable care or diligence in the prevention or suppression of the "mob, riotous assembly or assembly engaged in disturbing the public peace", even assuming the three persons were a gang covered by the statute.
The plaintiff has produced no evidence, and the court cannot assume that there is any, which suggests that the police had any information that the assault was going to occur upon the decedent or that the three alleged gang members would convene again and shoot the plaintiff or some other person. In other words, in order for the city and its officers to be responsible for injuries sustained at a mob or riot, there must be some facts indicating to them that one is about to occur. See Cimino v. Yale University, 638 F. Sup. 952 (D.C. Conn. 1986) (anticipation from prior experience by city officials that spectators pleased with a result of a Harvard-Yale game would pull down the goal posts after the game). Since there was no indication that the three individuals would shoot an unidentified member of the public when they did, there is no evidence that the defendants failed to exercise reasonable care and diligence in the suppression of a mob or riot. There was no indication that a mob, riot or assembly amounting to disturbing the public peace would occur when and where the decedent was shot. The filing of the complaint for the prior incident, even though it may have involved the same three assailants, does not, standing alone, provide reasonable notice to the police that they would engage in a similar act or one covered by the statute on June 12, 1988 at the location where the decedent was shot. This is true whether or not the police exercised reasonable diligence in investigating the prior assault and arresting the three assailants. CT Page 5535
Section 7-108 must be strictly construed, Sestito v. Groton, supra, 524, and it is not reasonable to impose liability on a municipality for failure to promptly arrest criminal suspects because of the remote possibility that they may at some future time and at some undisclosed place engage in a mob or riot. While the statute does not require the police to have exact, prior knowledge of the victims of a mob or riot, they clearly had no notice of any imminent danger to the decedent, had no duty to provide police protection to him specifically, and could not know that he would be the focal point of a mob or riot in the future. Under the facts of this case the plaintiff does not have a cause of action against the defendants under7-108, or under any of the exceptions to qualified immunity of municipalities and municipal employees for discretionary governmental acts.
The defendant Puccio is protected from personal liability even if he was negligent in completing the investigation into the Tosado assault and not arresting the three assailant prior to June 12, 1988. The investigation of crime and initiation of arrest warrants for suspects are governmental police functions requiring the exercise of judgment and discretion. Arrest without probable cause may subject police officers to civil rights actions under 42 U.S.C. § 1983. It is doubtful whether failure to make an arrest of the three assailants was negligent at all, but the failure to act did not amount to wilful or intentional misconduct. The plaintiff does not claim that Puccio's actions amounted to more than negligence. As previously discussed, the failure to make prompt arrests would be at most a violation of a public rather than a private duty, and this case does not come within the identifiable person/imminent harm exception. In addition, it would be impossible for the plaintiff to prove probable cause, i.e. a causal connection between the failure to arrest the three alleged gang members and the later assault upon the decedent. The assault upon him was not a foreseeable consequence of the failure to arrest. Doe v. Manheimer, 212 Conn. 748, 757-770. Simply stated, the failure of Puccio to more expeditiously pursue his investigation and arrest the three assailants was not the proximate cause of the subsequent assault by them upon the plaintiff's decedent. Section 7-108 creates liability for the municipality and not individual police officers. In addition, even if Puccio was negligent in failure to make an arrest, his police duties did not include suppression of mobs and riots in CT Page 5536 various parts of the city. The plaintiff has not produced sufficient evidence to support a claim against Puccio individually under the second count of the complaint.
As a result, the city is not liable for indemnification under 7-465 of the General Statutes, as claimed in the third count. That statute allows indemnity to a municipal employee from his employer if there is a judgment against the employee under certain conditions, but the municipality does not assume liability initially. Fraser v. Henninger, 173 Conn. 52, 56; Kostyal v. Cass, 163 Conn. 93, 97. The town's duty of indemnification exists only if the employee's liability is first established. Wu v. Fairfield, 204 Conn. 435, 438; Sestito v. Groton, supra, 527. Since the defendant Puccio is not liable to the plaintiff, the City of Bridgeport is not liable under the statute.
The motion for summary judgment is granted as to all counts of the complaint.
ROBERT A. FULLER, JUDGE