[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Carleen Kelly-Kroen (plaintiff) filed a two count complaint against Dock Street Associates (Dock Street) and Seaboard Management Corporation (Seaboard). The counts are virtually identical with the first count directed at Dock Street and the second directed at Seaboard. Service was made upon Dock Street on November 27, 1992. Seaboard was served on November 28, 1992. The complaint stems from alleged injuries suffered by plaintiff as a result of an elevator malfunction.
Plaintiff alleges in her complaint that on or about November 12, 1990, she was descending in an elevator located at One Dock Street in Stamford. During the descent, the elevator allegedly came to a sudden stop. Plaintiff contends that as a result of the sudden stop, she suffered various injuries. Plaintiff alleges that defendants were "in charge" of the premises located at One Dock CT Page 6674 Street and were negligent in maintaining and inspecting the elevator.
Seaboard has filed a motion for summary judgment (#103). No opposing papers have been filed by the plaintiffs nor did plaintiff attend the short calendar held on April 12, 1993, to argue against Seaboard's motion.
The motion for summary judgment is based on Seaboard's claim that the statute of limitations had run prior to its receipt of service. Seaboard notes that the incident in the elevator occurred on or about November 12, 1990, according to plaintiff's complaint. Therefore, Seaboard alleges that the two year statute of limitations expired on November 12, 1992. Seaboard claims that since the sheriff's affidavit of service shows that service was not made until November 28, 1992, sixteen days after the statute had run, summary judgment should enter in favor of Seaboard.
"Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Bank Trust v. Carriage Lane Associates,219 Conn. 772, 780-81, 595 A.2d 334 (1991). "A genuine issue has been variously described as a `triable', `substantial' or `real' issue of fact. . . and has been defined as one which can be maintained by substantial evidence." United Oil Co. v. Urban Redevelopment Comm'n., 158 Conn. 364, 378, 260 A.2d 596 (1969). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." Na-Mor, Inc. v. Roballey,24 Conn. App. 215, 217, 587 A.2d 427 (1991). Once the movant presents evidence supporting a motion for summary judgment, the nonmovant is obliged to present evidence demonstrating the existence of a disputed factual issue. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11, 459 A.2d 115 (1983).
The statute of limitations applicable to the case at bar is General Statutes 52-584. "No action to recover damages for injury to the person. . . caused by negligence. . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . ."
Seaboard's claim that 52-593a cannot act to the benefit of plaintiff in the case at bar is based on the allegation in the CT Page 6675 complaint that the incident and resulting injuries occurred on or about November 12, 1990. "[A] cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process. . . within the time limited by law, and the process is served. . . within fifteen days of the delivery." General Statutes52-593a(a). In order to invoke the statute, the officer's return must contain his endorsement of the date upon which process was delivered to him for service. General Statutes 52-593 (a).
The sheriff's return in the case at bar does not contain the requisite endorsement. The fifteen day extension could, at most, extend the time for service until November 27, 1992.
Plaintiff failed to file any opposing papers and to appear at the short calendar argument on the motion. "A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law."
(Citations omitted.) Daily v. New Britain Machine Co., 200 Conn. 562,568, 512 A.2d 893 (1986). Seaboard has satisfied its burden that, as a matter of law, plaintiff's claim against Seaboard is barred by the statute of limitations, and therefore, Seaboard's motion for summary judgment in its favor is granted.
So Ordered.
Dated at Stamford, Connecticut this 21st day of July, 1993.
WILLIAM BURKE LEWIS, JUDGE