[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action involves a claim for money damages by the plaintiff, a condominium association known as Woodside Green Condominium Association, Inc., which was formed in connection with Woodside Green Condominiums in Stamford. The defendant, Woodside Green Associates, Inc., is the declarer and developer of the project. The complaint alleges faulty construction of the roof, the plumbing and the heating.
The plaintiff also sued Leonard H. Monroe, a professional engineer, who did the engineering work in connection with the declaration of condominium. The first count against Monroe alleges that he was negligent in connection with the engineering services he performed for Woodside Green, Inc. The second count alleges that Monroe was an officer of the defendant corporation and was using condominium funds for his own benefit.
The defendant Monroe has moved (#152) for summary judgment on the basis that the statute of limitations for negligence actions, General Statutes 52-584, had expired before he was sued by plaintiff on November 24, 1987. In an affidavit accompanying his motion, Monroe contends that he had completed his engineering j services for the defendant by June 25, 1984, approximately three years and five months before he was served with process.
"Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Bank Trust v. Carriage Lane Associates,219 Conn. 772, 780-81, 595 A.2d 334 (1991). "A genuine issue has been variously described as a `triable', `substantial' or `real' issue of fact . . . and has been defined as one which can be maintained by substantial evidence." United Oil Co. v. Urban Redevelopment Comm'n. , 158 Conn. 364, 378, 260 A.2d 596 (1969). "A material fact has been defined adequately and simply as a fact which will make a CT Page 7684 difference in the result of the case." Na-Mor, Inc. v. Roballey,24 Conn. App. 215, 217, 587 A.2d 427 (1991). Once the movant presents evidence supporting a motion for summary judgment, the nonmovant is obliged to present evidence demonstrating the existence of a disputed factual issue. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11, 459 A.2d 115 (1983).
Summary judgment may be granted where it is clear that a claim is barred by a statute of limitations. Mac's Car City, Inc. v. American National Bank, 205 Conn. 255, 259-60, 532 A.2d 1302
(1987). The only statute of limitations referred to in Monroe's motion for summary judgment is General Statutes 52-584. "No action to recover damages for injury to . . . real . . . property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."
The plaintiff agrees that Monroe ceased providing engineering services in June of 1984, but argues that General Statutes 52-584a
applies to a negligence suit against an engineer, rather than the negligence statute of limitations contained in General Statutes52-584. Plaintiff contends that 52-584a provides a plaintiff seven years, not three, in which to sue a professional engineer such as Monroe.[1]
Defendant Monroe's reply brief cites R. A. Civitello Company v. New Haven, 6 Conn. App. 212, 504 A.2d 542 (1986), as "instructive" because it held that 52-584 applied to negligence actions against professional engineers, rather than the seven years provided by 52-584a. That is true, but what counsel do not mention was that Civitello was decided on February 11, 1986, and by April 28, 1986, Representative Looney, in speaking in favor ofPublic Act 86-266, which was aimed at amending General Statutes52-584a, stated: "[t]his is to correct a problem that was highlighted, Mr. Speaker, in the case of Civitello v. New Haven, decided by the Appellate Court earlier this year." Remarks by Representative Martin Looney, Connecticut General Assembly House Proceedings, H-435, Vol. 29, Part II, at 4127-4128 (April 28, 1986).
The "correction" deleted the very sections of 52-584a that Civitello relied upon in applying the negligence statute of limitations to a suit against a professional engineer. Those CT Page 7685 sections were "(a) [n]otwithstanding any provision of the General Statutes . . ." and former subsection (d) which read: "(d) [n]othing in this section shall be construed to extend the period prescribed by the laws of this state for the bringing of any action." Civitello relied upon the "notwithstanding" language at the beginning of the section in ruling that 52-584 applied and that any argument to the contrary was "rebutted, however, by the opening phrase of General Statutes 52-584a which states that `notwithstanding any provision of the General Statutes' . . ." Id., 224. The court paid particular attention to subsection (d), noting that any interpretation of this section other than that the statute did not provide a seven year period in which to sue a professional engineer "would render subsection (d) meaningless." Id., 223.
General Statutes 52-584a, which was amended effective October 1, 1986, prior to the filing of this action, does not contain the language relied upon by Civitello, supra, in applying the negligence statute of limitations to a suit against an architect or professional engineer. The legislative history as reflected in Representative Looney's remarks on April 28, 1986, supra, make it clear that Public Act 86-266 was aimed at reversing the Civitello decision. "We currently have in our statutes, Mr. Speaker, a seven year statute of limitations for actions against architects and engineers involving deficiencies in design and planning contract administration and so on. What this amendment would do is insure that the seven year statute would apply and that a shorter statute such as the three year general negligence statute . . . would not be superimposed on the statute regarding architects." Remarks by Representative Looney, supra.
In Zapata v. Burns, 207 Conn. 496, 508, 542 A.2d 700 (1988), involving the collapse of the Mianus River Bridge in 1983, the Supreme Court quotes Civitello, supra, as establishing a "seven year absolute maximum" on suits against a professional engineer. However, the Supreme Court did not address whether General Statutes52-584 or 52-584a applied because over twenty years had elapsed since the bridge was constructed, and hence this issue was irrelevant.
Defendant Monroe's motion for summary judgment on the basis that the statute of limitations set forth in General Statutes 52-584
had expired when suit was brought against him is denied as to the second count claiming negligence, and is granted by agreement as to the third count alleging that he was an officer of the CT Page 7686 defendant :corporation.
So Ordered.
Dated at Stamford, Connecticut, this 24th day of August, 1993.
William B. Lewis, Judge.