[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
CT Page 7049
The plaintiff claims personal injuries resulting from a collision between her motor vehicle and a raised manhole cover on the right, northbound lane of Water Street at the intersection of Stratford Avenue in Bridgeport. The defendants are the City of Bridgeport, D'Addario Industries, Inc. (D'Addario) and Blakeslee, Arpaia and Chapman, Inc. (Blakeslee). Water Street and Stratford Avenue are public highways of the City of Bridgeport. The fourth and fifth counts of the revised complaint are against Blakeslee for negligence and nuisance. The plaintiff contends that Blakeslee was engaged in construction work at the site where the plaintiff's vehicle struck the raised manhole and that in the course of construction work Blakeslee has excavated the roadway. The second and third counts contain similar claims against D'Addario.
Blakeslee has filed a motion for summary judgment claiming that it was not engaged in any type of construction or excavation work at the intersection of Water Street and Stratford Avenue in Bridgeport. It submitted an affidavit from a construction supervisor of that defendant which states that Blakeslee did not perform construction work or render any services at the intersection, that it did not excavate the roadway at that location, and did not perform any construction work or render any services on the manhole or manhole cover on the right northbound lane of Water Street at the Stratford Avenue intersection. In opposition to the motion the plaintiff has filed photographs of the intersection and a police report. None of these documents show that Blakeslee had any connection with the intersection in question or the manhole which injured the plaintiff. When the motion first appeared on the short calendar, the court gave the plaintiff a continuance to attempt to find evidence that Blakeslee had some involvement with construction activities at the manhole or in the intersection. Apparently a construction project on Water Street in July, 1989, when the plaintiff was injured, encompassed the entire length of Water Street. At least one other contractor, D'Addario, was involved in the project.
In order to recover against Blakeslee for either negligence or nuisance, the plaintiff would have to show that Blakeslee had some connection with the condition which injured the plaintiff. In order to be liable for nuisance, the condition must be either CT Page 7050 created or maintained by Blakeslee. A negligence recovery against Blakeslee requires an act or omission on its part as to the condition or defect which injured the plaintiff. That would require some evidence that Blakeslee affirmatively took some action at the accident location or that it had some obligation to perform work there and either failed to perform it or performed it improperly. The manhole was in the City's street, and there is no evidence that it was owned or maintained by Blakeslee, or that Blakeslee performed any construction activities there.
Summary judgment may be granted under § 384 of the Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364. Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that shows the existence of some disputed factual issue. State v.Goggins, 208 Conn. 608, 616; Bartha v. Waterbury House WreckingCo., 190 Conn. 8, 11, 12. The party opposing the motion must raise evidentiary facts or substantial evidence outside the pleadings from which the material facts alleged in the pleadings can warrantably be inferred. Na-Mor Inc. v. Roballey, 24 Conn. App. 215,217, quoting United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 378-79. It is not enough for the opposing party merely to assert the existence of a disputed issue. Daily v. NewBritain Machine Co., 200 Conn. 562, 569. In deciding whether a party is entitled to summary judgment, a similar test is applied as that which is used to determine whether a party would be entitled to a directed verdict on the same facts after trial. Connelly v.Housing Authority, supra, 364.
The plaintiff has failed to produce any evidence which shows any connection between Blakeslee's activities in the intersection and the manhole where the injury occurred. It is not enough that Blakeslee may have performed other excavation work on some other section of Water Street pursuant to a construction contract with the City of Bridgeport. Only contractors which performed, directed or controlled work at the intersection maybe liable. Without some evidence that Blakeslee was involved, it could not be held liable to the plaintiff at trial, and would be entitled to a directed verdict after the close of the plaintiff's case. The motion for summary judgment was filed in January 1993, and the plaintiff had ample opportunity, including a continuance under § 382 of the Practice Book, to obtain evidence sufficient to oppose the motion. CT Page 7051 No evidence has been obtained which is sufficient to raise any genuine issue of material fact. Applying the directed verdict test, Blakeslee is entitled to judgment as a matter of law.
The motion for summary judgment is granted.
ROBERT A. FULLER, JUDGE