[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Dorothy Warner, has brought an action in negligence against the defendant husband, George R. Warner and CT Page 2092 has now moved for summary judgment as to liability.
"Summary judgment may be granted under § 384 of the Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354,364. Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that shows the existence of some disputed factual issue.State v. Goggins, 208 Conn. 608, 616; Bartha v. Waterbury HouseWrecking Co., 190 Conn. 8, 11, 12. The party opposing the motion must raise evidentiary facts or substantial evidence outside the pleadings from which the material facts alleged in the pleadings can warrantably be inferred. Na-Mor Inc. v. Roballey, 24 Conn. App. 215,217, quoting United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 378-79. It is not enough for the opposing party merely to assert the existence of a disputed issue. Daily v. New Britain Machine Co., 200 Conn. 562, 569. In deciding whether a party is entitled to summary judgment, a similar test is applied as that which is used to determine whether a party would be entitled to a directed verdict on the same facts after trial. Connelly v. Housing Authority, supra, 364." Wyskiel v. City of Bridgeport, No. CV91 28 55 91 S (Jul. 27, 1994) (Fuller, J.)
In her complaint and in her affidavit in support of the motion for summary judgment, the plaintiff states that she was a passenger in an automobile which on April 7, 1994, at about 4:00 P.M., was being driven by her husband in a southerly direction on U.S. Highway 129 (also known as Alcoa Highway)in the city of Alcoa, Tennessee. She states that highway is a multi-lane highway with a grass median divider separating the lanes running northerly from the lanes running southerly. She further states that: "[at] that time and place, the Defendant planned to make a left turn to enter the private parking lot of Ramada Inn which was located on the easterly side of U.S. Highway 129, when he crossed over the grass media [sic] divider and onto the northbound lanes of U.S. Highway 129, when his automobile was struck broadside by another automobile which was proceeding in a general northerly direction on said U.S. Highway 129." Although the owner and operator of the other automobile is not identified in her affidavit, in her complaint the plaintiff states that the vehicle "was owned by one Gerald A. Venable, of Birmingham, Alabama and operated by one James L. Robbins, of Mayville, CT Page 2093 Tennessee. . . (Complaint, ¶ 4).
The complaint and the affidavit allege that the defendant was negligent because he did not have his automobile under proper control; he was not keeping a proper lookout for other automobiles; he failed to yield the right of way to the other automobile; and, he failed to make a safe left turn into a private parking lot.
As a result of the defendant's negligence, the plaintiff complains of physical injuries and other damages.
In further support of her motion, the plaintiff has submitted an uncertified photocopy of an accident report prepared by the investigating police officer.
The defendant, in response, has filed his affidavit in which he states:
"a) James L. Robbins must have been going like the wind to have caused damage necessitating my wife being cut out of my car;
"b) The amount of damage to my car (weighing 3,800) indicates high speed. There was a tremendous impact. We were moving very slowly."
Although no answer was filed and the pleadings were not closed at the time the motion, memoranda, and affidavits in support of and in objection to the motion were filed and argument heard, closure of pleadings is no longer required under P. B. § 379.
The defendant, in his memorandum in opposition to the motion for summary judgment, asserts that the speed of Robbins could have been the reason for the accident. However, no evidence has been submitted to support this speculation. He also states that the plaintiff's affidavit is conclusory and inadequate to remove all questions of fact from the case. Nonetheless, the defendant's affidavit does not contradict the plaintiff's affidavit testimony that the defendant, making a left turn to enter the private parking lot of Ramada Inn which was located on the easterly side of U.S. Highway 129, crossed over the grass median divider and onto the northbound lanes of U.S. Highway 129, when his automobile was struck broadside by another automobile which was proceeding in a general northerly direction on said CT Page 2094 U.S. Highway 129. This evidence, uncontradicted, is adequate to sustain a conclusion that the defendant was negligent in the operation of his automobile by failing to yield the right of way to vehicles operating in a northerly direction on U.S. Highway 129.
The defendant objects to the police report as offered as not admissible. While the report is not certified, it is clear that it consists primarily of the observations of the investigating officer and that portion of the document could qualify as a business entry under General Statutes § 51-180. The report is consistent with the affidavit of the plaintiff.
Finally, the defendant claims that under Tennessee law, Robbins, the driver of the other automobile and a non-party, would be assigned the percentage of negligence attributable to him. The question of comparative negligence, if it is relevant, is an issue concerned with damages and the defendant may elect to raise the issue for resolution in a hearing in damages.
On the question of liability as between the plaintiff and this defendant, the plaintiff is entitled to a summary judgment in her favor.
Summary judgment may enter and the matter should be assigned for a hearing in damages.
NIGRO, J.