[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
The plaintiff in this action is Connecticut Interlocal Risk Management Agency (CIRMA). The defendants are the Town of West Hartford, Barry Feldman, Michael Parker, James Francis, Joseph Fioretti, Laurie Murray, and Patricia Gray. On August 31, 1994, in a one-count revised complaint, the plaintiff alleges the following. On August 19, 1992, CIRMA issued a policy to West Hartford which provided coverage for general liability and personal injury for a period beginning July 1, 1992 and expiring September 30, 1992. On April 20, 1993, West Hartford notified CIRMA of claims pending against it, and of CIRMA's potential liability under the policy.
On June 18, 1993, James Larkin, a former West Hartford employee, filed a complaint in the United States District Court for the District of Connecticut against the town of West Hartford and various West Hartford officials and employees seeking damages in connection with statements made by the named defendants concerning a sexual harassment incident involving Larkin. CIRMA declined coverage under its policy with West Hartford. As a result, West Hartford sent a letter notifying CIRMA that by not covering the claim, they may be liable to the defendants for damages. CIRMA argues that no bonafide and substantive issue is in dispute and seeks a declaratory judgment that CIRMA owes no coverage under the policy between West Hartford and CIRMA to any of the defendants in this action. In particular, the plaintiff seeks CT Page 4691 a declaration that there is no defense or indemnity coverage under the bodily injury or personal injury provisions of the policy.
The defendants filed an answer, special defense and counterclaim on October 10, 1994. In the answer, the defendants admit it had an insurance policy, but deny that CIRMA does not have to pay any claims under the policy. The defendants also filed a special defense, submitting that the bad faith conduct of the plaintiff should prohibit the plaintiff from obtaining this declaratory judgment.
The defendants' counterclaim includes five counts. First, the defendants allege that CIRMA breached its contractual duty to defend the Larkin suit. In the second count, the defendants claim that CIRMA breached its contractual duty to indemnify. In the third count, the defendants seek a declaratory judgment as to CIRMA's duty to defend. In the fourth count, the defendants seek a declaratory judgment as to CIRMA's duty to indemnify. In the fifth count, the defendants claim common law bad faith and fair dealing by the plaintiff and seek damages as a result. In the sixth count, the defendants allege a CUIPA violation, as a result of the plaintiff's unfair claim settlement procedures.
On November 29, 1994, the defendants filed a motion for summary judgment as to the plaintiff's revised complaint. The defendants argue that they are entitled to summary judgment because the allegations in the complaint clearly show personal injury coverage under the policy, that the third party alleges he sustained injuries other than bodily injury as a result of the alleged wrongful statements, and that the town's official employment policies and practices do not apply because the acts alleged are unrelated to the Town's Charter, policies, or rules.
On March 11, 1994, the plaintiffs also filed a motion for summary judgment. The grounds alleged by the plaintiff are that there is no personal injury coverage and no duty to defend by virtue of the applicability of an insurance policy exclusion relating to claims arising out of the town's official employment policies and practices. In support of its motion for summary judgment, the plaintiff filed a memorandum of law. Additionally, the plaintiff filed a supplemental memorandum on January 2, 1995. CT Page 4692
Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Waterand Way Properties v. Colt Mfg. Co., 230 Conn. 660, 664, ___ A.2d ___ (1994). The purpose of summary judgment is to eliminate the delay and expense of litigating an issue when there is no genuine issue to be tried. Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). The genuine issue aspect requires the moving party to supply before trial evidentiary facts, or substantial evidence outside the pleadings, from which the court can reasonably determine that material facts exist. Na-Mor, Inc. v. Roballey, 24 Conn. App. 215,217, 587 A.2d 427 (1991).
An opposing party cannot simply claim that a disputed issue exists. Merely asserting that material facts exist is insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court in support of a motion for summary judgment. Waterand Way Properties v. Colt Manufacturing, Inc., supra,230 Conn. 665.
By way of their summary judgment motions, the parties are seeking to have the court determine whether CIRMA must cover Larkin's claims against the town. The policy in question covers employee actions that arise out of the "official employment policies or practices of the town." The solution to this summary judgment motion therefore relies on the answer to the question whether or not the Larkin action arises out of the "official employment policies or practices of the town." "Interpretation of an insurance policy, like the interpretation of other written contracts, involves a determination of the intent of the parties as expressed by the language of the policy." Aetna Life and Casualty v. Bualong,218 Conn. 51, 58, 588 A.2d 138 (1991). Unlike certain other contracts, however, "the intent of the parties and thus the meaning of the contract is a factual question subject to limited appellate review. . . ." Id. "Construction of a Contract of insurance presents a question of law for the court. . . ."Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 583,573 A.2d 699 (1990). Any ambiguity in the meaning of the terms of the policy is resolved against the insurance company.Remington v. Aetna Casualty and Surety Co., 35 Conn. App. 581, CT Page 4693 585, ___ A.2d ___ (1994).
The issue on which both parties are seeking to have a summary judgment granted is whether the Larkin's complaint arises out of the city's employment practices. More specifically, the issue is whether the Larkin complaint arises out of West Hartford's sexual harassment policy.
Both the plaintiff and the defendant place a great deal of emphasis on the action filed by Larkin in Federal District Court. It is important to note that the only relevance of the Larkin action to this action is the fact that Larkin actually filed the action against the town. The allegations in the Larkin complaint have not yet been adjudicated by that court. Therefore, the allegations in the Larkin complaint are just that, allegations, and cannot be given any additional credibility simply because they were filed in federal court.
Other evidence presented by the parties to this action include the policy in question, a copy of the town of West Hartford's Personnel rules, and various affidavits and letters of correspondence between the parties. This evidence was submitted by the parties to support their respective positions that summary judgment should be granted in their favor as a matter of law.
The parties are asking the court to determine whether the defendants are entitled to coverage under the contract. There are many factual questions surrounding this action that prevents the court from granting a summary judgment motion. Most of the questions surround what happened between Larkin and the officials during the course of his employment. For example, what was said between Larkin and West Hartford officials? If anything was said, did it amount to defamation, invasion of privacy, harassment, or a violation of his civil rights? Were there any statements made between the parties that amounted to a conspiracy? Further, did the statements, if there were any, arise out of the conduct of the town's business? These are all questions, material to the case before the court, that must be resolved before the court can decide a motion for summary judgment. The answers to these questions all surround the Larkin complaint, which is only evidenced in this action as allegations.
Against this background, the Larkin complaint is not CT Page 4694 enough to resolve the material issues to the point where summary judgment can be granted. Accordingly, because material questions of fact exist, both motions for summary judgment are denied.
Mary R. Hennessey, Judge