BANK OF BOSTON CONNECTICUT *v.* WINFRIED PLATZ ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 379825S
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed April 8, 1991

*Cohn & Birnbaum,* for the plaintiff.
*Axelrod, Lanzoni & Teague,* for the defendants.

SATTER, J. In this foreclosure action, the plaintiff mortgagee's motion to strike the defendants' special defense raises the following question of first impression: whether the tender by the defendant mortgagors to the plaintiff of a deed to the property being foreclosed, which was refused by the plaintiff, states a valid defense to the plaintiff's action to recover interest, costs and attorney's fees accruing after the tender.

This action was started by the service of a writ and complaint on the defendants on June 20, 1990. The complaint alleges that on July 29, 1988, the defendants Winfried and Patricia Platz executed a demand note promising to pay to the order of the plaintiff Bank of

Boston Connecticut $186,000 with interest at the annual rate of 11.5 percent, and if payment was not made on demand, court costs and attorney's fees incurred in suing to collect the debt. The complaint alleges a mortgage from the defendant Winfried Platz to the plaintiff in the face amount of $80,000, a protective covenant and certain easements, all prior in right to the plaintiff's mortgage. No mortgages or liens on the property are alleged to be subsequent in right to the plaintiff's mortgage. The complaint further alleges a default in payment of monthly interest by the defendants, a demand for payment of the principal and unpaid interest of the note by the plaintiff and a failure of the defendants to pay the same. The plaintiff and the defendants Platz are the only parties to this action.

The first count of the complaint states a claim for foreclosure of the mortgage. The second count states a claim for payment of the note. In the ad damnum clause, the plaintiff seeks a foreclosure, possession of the premises, a deficiency judgment, money damages, interest, attorney's fees and court costs.

The defendants' answer admits all allegations of the first and second counts of the plaintiff's complaint and asserts three special defenses. The first special defense alleges: that on August 16, 1990 (while this action was pending) the defendants tendered to the plaintiff a quitclaim deed to the subject property, intending it to be in reduction of their debt; that the fair market value of the property then exceeded the total of all prior liens and mortgages and of the unpaid balance of principal and accrued interest on the plaintiff's note and mortgage; that the plaintiff rejected the tender and returned the quitclaim deed to the defendants on August 17, 1990; and that, by rejecting the tender "as a matter of law the plaintiff is not entitled to a judgment against the defendants for any interest . . . accruing after

August 16, 1990, nor is the plaintiff entitled to a judgment against the defendants for any attorneys' fees or costs of suit incurred by the plaintiff in this action after August 16, 1990."

The second and third special defenses are asserted if the plaintiff seeks a deficiency judgment. The second special defense alleges that the plaintiff is estopped by its refusal to accept tender of the defendants' quitclaim deed. The third special defense alleges that the plaintiff is estopped by its failure to notify the defendants of a decrease in the loan to value ratio, as required by the note.

The plaintiff moves to strike the first special defense as legally insufficient because the defendants' offer of the deed to the mortgaged premises is not tender of full payment of the underlying note.

General Statutes § 42a-3-604, entitled "Tender of Payment," relates to commercial paper and provides in relevant part: "Any party making tender of full payment to a holder when or after it is due is discharged to the extent of all subsequent liability for interest, costs and attorney's fees." The defendants rely on this section of the commercial code as the legal basis for their first special defense.

The general rule is that both payment of and tender of payment of the debt must be in money, unless the parties agree otherwise, or the obligee consents to accept some other medium of payment. 60 Am. Jur. 2d, Payment § 32. In *Mayron's Bake Shops, Inc.* v. *Arrow Stores, Inc.*, 149 Conn. 149, 155–56, 176 A.2d 574 (1961), the Supreme Court defined tender as "an offer to pay a debt . . . [and] the offer to pay involves, as a general rule, the actual production of the money and the placing of it in the power of the person entitled to receive it." See also *Hall* v. *Appel*, 67 Conn. 585, 35 A. 524 (1896).

This rule applies to mortgage debts. "A debtor has no right to deed the property securing a debt to the creditor in settlement of the debt where the contract provides for payment in money." 60 Am. Jur. 2d 911–12, Payment § 51; *Schmahl* v. *A.V.C. Enterprises, Inc.,* 148 Ill. App. 3d 324, 499 N.E.2d 572 (1986); *Stone* v. *Watt,* 81 S.W.2d 552 (Tex. Ct. App. 1935); 55 Am. Jur. 2d, Mortgages § 437.

In the present case, the note provides: "On demand, I promise to pay you or your order the principal amount of $186,000." This expresses the defendants' promise to pay in dollars. The note provides for no other medium of payment.

The defendants concede this and concede further that payment in money is required unless the parties agree to a different manner of payment. The defendants, however, contend that by declaring the note in default and by bringing this action to obtain title to and possession of the real property, the plaintiff has implicitly consented to receiving title to the property in payment of the note. Similarly, by asking for a deficiency judgment pursuant to General Statutes § 49-14 (a), the plaintiff recognizes that the court established value of the mortgaged property will be applied against the debt to determine that deficiency. Thus, the defendants contend that since the end result of this foreclosure action is the transfer of title to the property to the plaintiff, and since a deficiency judgment, if any, will be calculated on the basis of the value of that property, the tender of the property during pendency of the action should constitute tender of full payment of the debt when the value of the property exceeds the total of all prior liens and of the plaintiff's debt (as must be assumed in this motion to strike). Such tender, the defendants claim, as a consequence, should discharge them from liability for further interest, costs and attorney's fees.

The discharge the defendants seek is required under § 42a-3-604 (1) only if tender is of "full payment" of the debt. *Christensen* v. *Cataia*, 211 Conn. 613, 621, 560 A.2d 456 (1989). Offer of property is not full payment of the debt; 60 Am. Jur. 2d, Payment §§ 32, 51; 55 Am. Jur. 2d, Mortgages § 437; even if the value of the property exceeds the debt. Neither has the plaintiff consented to accept the property in payment of the debt by bringing this foreclosure action. By operation of law a foreclosure judgment may vest title in a plaintiff, and a deficiency judgment may be calculated by offsetting the value of the property against the debt, but these consequences do not constitute a plaintiff's consent, express or implied, to accept the property as medium for payment of the debt. The mortgaged property is security for the debt; realizing upon it is not equivalent to consenting to accept it as a tender of payment within the meaning of § 42a-3-604 (1).

Moreover, the offer of the deed is not tender of full payment because of potential questions of the validity of title conveyed by the deed. The deed may later be attacked on the ground that it was not given for adequate consideration. *Cohn* v. *Bridgeport Plumbing Supply Co.*, 96 Conn. 696, 706, 115 A. 328 (1921); D. Caron, "Connecticut Deeds in Lieu of Foreclosure: Lender Concerns and Title Issues," 64 Conn. B.J. 433, 434 (1990). If the mortgagor goes into bankruptcy, the bankruptcy court can set aside the deed as a preference. D. Caron, supra, 444. The deed given to the mortgagee can result in merger of the mortgage interest into the fee and extinguishment of the mortgage, in the absence of evidence of the mortgagee's contrary intent. *Glotzer* v. *Keyes*, 125 Conn. 227, 235, 5 A.2d 1 (1939). These potential assaults upon the validity of the title conveyed by the defendants' deed justify the plaintiff's refusal to accept it in payment or

in reduction of the debt. The deed is not the equivalent of a foreclosure judgment because, as stated in *First Bank* v. *Simpson,* 199 Conn. 368, 373–74, 507 A.2d 997 (1986), "[a] judgment of strict foreclosure vests absolute title in the foreclosing plaintiff, upon the failure of the other parties to redeem the property. When title becomes vested it is free and clear of all foreclosed interests and, therefore, the foreclosing plaintiff can sell the property completely for its own benefit. Any price received by the mortgagee is not subject to claims by parties whose interests had been foreclosed."

The defendants, however, are not without a remedy. If they wish to stop the running of interest and to reduce attorney's fees, they can stipulate to a judgment of foreclosure. Tender of a deed of the property during pendency of the action does not, however, achieve these purposes. The plaintiff's motion to strike the defendants' first special defense is granted.

The plaintiff moves to strike the defendants' second and third special defenses as legally insufficient on the grounds that they "are not yet ripe," and that they are applicable only if the plaintiff seeks a deficiency judgment, pursuant to § 49-14, which "can occur only after judgment in this foreclosure action." This ground is without merit. The motion for a deficiency judgment is not a separate legal action but, rather, a part of the present one. The plaintiff's ad damnum in its complaint seeks a deficiency judgment. The defendants are entitled to interpose their defense to it in their answer.

Since the rule is that a court should decide a motion to strike only on grounds raised by the movant; *Blancato* v. *Feldspar Corporation,* 203 Conn. 34, 44, 522 A.2d 1235 (1987); *Meredith* v. *Police Commissioner,* 182 Conn. 138, 141, 438 A.2d 27 (1980); the court finds the plaintiff's expressed grounds specious and denies its motion to strike the defendant's second and third defenses.

The plaintiff's motion to strike the defendants' first special defense is granted. The plaintiff's motion to strike the defendants' second and third special defenses is denied.