[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Connecticut National Bank, brought this action against the defendant, Robert M. Levin, to foreclose a note and mortgage on an apartment building located at 267-271 Main Street in Bristol, Connecticut. The complaint sought possession of the property and a deficiency judgment.
The Disclosure of Defense filed in response to plaintiff's Demand for Disclosure of Defense indicated no defense. Judgment of strict foreclosure was entered on October 21, 1991. The debt was established to be $467,651.41. As the defendant did not redeem the property on the law day, title vested in CNB on November 14, 1991. An evidentiary hearing on plaintiff's Motion for Deficiency Judgment was held on May 1 and May 6, 1992.
Based on a preponderance of the evidence, the court finds that the fair market value of the property, as of November 14, 1991, was $315,000. For that finding, the court relies on the testimony of plaintiff's appraisal witness, Wallace L. Inkpen — the only appraisal witness to testify at the hearing. The court is persuaded that the income approach used by Mr. Inkpen was reliable and that the alternate sales approach lacked similar validity. CT Page 7425
The evidence did not support the defendant's claim that CNB undertook the obligation to manage the property and that such failure to manage properly caused a decline in value. Although the defendant tendered a deed to the property in February, 1991, the plaintiff rejected the tender on April 1, 1991. The evidence presented did not establish that CNB did more than exercise its right under the mortgage to collect rents nor that it was obligated to do more.
Connecticut General Statutes, 49-14 provides that the Court shall conduct a hearing on a motion for deficiency judgment following a strict foreclosure. The hearing is a limited one pursuant to the terms of that statute. Maresca v. DeMatteo, 6 Conn. App. 691 (1986).
The defendant's tender of the deed created no duty on the part of the plaintiff to accept or to assume the management of the property. Suffield Bank v. Berman, 25 Conn. App. 369
(1991); Bank of Boston v. Platz, 41 Conn. Sup. 587 (Conn.Super. 1991). In any event, defendant was not entitled to raise a defense of this nature in the deficiency proceeding. Bank of Boston v. Platz, supra. Until title passed, on November 14, 1991, title — and all its attendant responsibilities — remained with the defendant.
The burden of proving a deficiency rests with the foreclosing creditor. Eichman v. J J Building Co., 216 Conn. 443,451 (1990). The court is satisfied that the plaintiff has met that burden by a preponderance of the evidence.
The court concludes that the debt as of November 14, 1991 is $467,651.41 with costs amounting to $2,388.40 and attorneys fees of $3,500.00. Subtracting the value of the property of $315,000 from the total of $473,539.81 leaves a deficiency in the amount of $158,539.81 which the plaintiff is entitled to by way of judgment. All remaining issues, including interest, costs and fees, and reasonable attorneys' fees will be determined by the court upon affidavit or, if the issues are disputed, in a separate hearing which may be requested by either party.
Judgment is entered accordingly.
BARRY R. SCHALLER, J.