[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DEFICIENCY JUDGMENT
This motion raises the question of whether the mortgagor or mortgagee should bear the loss of a decline in value of the mortgaged property where the offer of a deed in lieu of foreclosure is rejected by the mortgagee and there is a delay in completing the foreclosure proceedings.
The named defendant is the owner of a condominium unit at 862 Wood Avenue in Bridgeport which he claims was worth $70,000 in June 1991. A property owner can give an opinion as to the value of his own property, Misisco vs. LaMaita, 150 Conn. 680,684, 685. There was no independent appraisal offered to CT Page 4818 support this conclusion. In any event, the value of the property declined significantly after June 1991. When a judgment of strict foreclosure was entered on January 8, 1993 (Stodolink, J.), the fair market value of the property was $25,000. Title vested in the plaintiff on March 4, 1993, and a motion for deficiency judgment was filed on March 17, 1993, within the thirty day time limit in 49-14 of the General Statutes. The named defendant has objected to the motion, claiming that it is inequitable to allow a deficiency judgment because he was prepared to tender a deed in lieu of foreclosure in March 1991, that the property significantly declined in value during the next two years, and that the plaintiff did not exercise good faith and fair dealing in not concluding the foreclosure proceedings for two years. The defendant also objects to the conclusion of the plaintiff's appraiser that the value of the property when the plaintiff obtained title on March 4, 1993 was $15,000.
This court is always skeptical of claims made in deficiency judgment proceedings that there has been a major decrease in value in a period of only a few months between a judgment of strict foreclosure and the vesting of title. The value of the property on the date the title becomes vested in the mortgagee determines whether the the mortgagee is entitled to a deficiency judgment. Eichman v. J J. Building Co., 216 Conn. 443, 449. In determining value the court does not have to accept the opinion of the plaintiff's appraiser. Id, 452. There was no credible evidence that the property had declined in value in the two month period since January 8, 1993 when the court set the value of the property at $25,000.
The mortgage on the subject property was originally held by The Bank Mart. It became insolvent in December 1991 and was taken over by the Federal Deposit Insurance Corporation [FDIC]. The substituted plaintiff, Gateway Bank, was later designated as successor to The Bank Mart by the FDIC, and took over the mortgage. When Bank Mart administered the mortgage, it was the servicing bank for Citibank, which had the right to make final decisions on any proposals for compromise of the mortgage. The $75,000 mortgage on the property dated April 8, 1988 was in default in early 1991. Out of professional courtesy to the defendant, an attorney, Bank Mart's attorney, Stephen Tower, had discussions in March and April 1991 to resolve the debt secured by the mortgage. On March 6, 1991 Lawler sent a letter to Tower offering to convey the property to the bank by deed in lieu of CT Page 4819 foreclosure and to bring all common charges and real estate property taxes up to date. This offer was rejected on March 15, 1991. On March 28th this mortgage foreclosure action was started. On April 19, 1991 Lawler wrote to Tower that unless the bank was willing to accept a deed in lieu of foreclosure that he would "fully and vigorously defend the foreclosure action."
The defendant's initial claim is that the plaintiff had to accept his proposal to accept a deed to the property in lieu of foreclosure. A similar claim was rejected in Bank of Boston v. Platz, 41 Conn. Sup. 587, 589-592. There are several reasons for this. First of all, the mortgagor has no right to deed the property securing a debt to the mortgagee in settlement of the debt where the agreement provides for payment in money. Id., 590, 591; 60 Am.Jur.2d 911-12, Payment, section 51; 55 Am.Jur.2d, Mortgages, section 437. Secondly, there may be questions as to the validity of title conveyed by the deed, and it may be subject to collateral attack by another creditor or in bankruptcy proceedings. Id., 591. Acceptance of a conveyance of the property by the mortgagor, without foreclosing out the interest of subsequent encumbrancers, is not the equivalent of a foreclosure judgment, First Bank v. Simpson, 199 Conn. 368,373-74, as the deed will leave title to the property subject to encumbrances subsequent to the mortgage but prior to the deed. Finally, a judgment of strict foreclosure extinguishes all rights of the foreclosing mortgagee against the mortgagor on the underlying note except those enforceable by the deficiency judgment procedure in 49-14. Eichman v. J. J. Building Co., supra, 448; First Bank v. Simpson, supra, 370; 49-1 C.G.S. A foreclosure followed by a deficiency judgment gives the mortgagee the opportunity to fully recover its debt, while a deed in lieu of foreclosure arguably extinguishes the entire debt and prevents the lender from obtaining full payment.
In this case an affidavit of debt dated August 12, 1991 states that the debt as of August 5, was $83,633.12, an amount well in excess of even the defendant's valuation of the property at $70,000 in June 1991. The plaintiff had no obligation here to accept the deed in lieu of foreclosure.
This did not leave the defendant without a remedy. He could have stopped the running of interest and reduced the attorney's fees by stipulating to a judgment of foreclosure in 1991. Bank of Boston v. Platz, supra, 592. Whatever the CT Page 4820 value of the property was in 1991, it declined significantly after that. Relying on Citicorp Mortgage, Inc. v. Upton,42 Conn. Sup. 302, 304, the defendant argues that the plaintiff did not act in good faith in refusing to accept a deed in lieu of foreclosure and that on equitable principles the court should not allow the amount of the deficiency judgment claimed. In that case, decided August 28, 1992, the court did not allow the plaintiff to recover interest or late charges as part of a deficiency judgment where the defendant made repeated offers to convey good title to the plaintiff to avoid these charges and no response was ever made to the offers by the lender. That case does not concern a decline in valuation of the property between commencement of the foreclosure action and the date of vesting of title. In this case the additional interest component of the debt is between $10,000 and $15,000, and most of the deficiency claimed is due to decline in value of the property from $70,000 to $25,000 due to market conditions since 1991.
The defendant's argument would be more persuasive if the delay in foreclosure was caused exclusively by the plaintiff and its predecessors. The court file and testimony at the hearing on this motion shows that this is not the case. The defendant filed an answer on June 14, 1991. When the plaintiff filed a motion for summary judgment on the issue of liability in September 1991, the defendant objected to it and filed a motion to amend the answer to add a counterclaim. In December 1991 The Bank Mart became insolvent and some delay resulted when the FDIC took it over. Moreover, the court ordered a stay of all actions in which The Bank Mart was a party until March 12, 1992. A motion to substitute Connecticut National Bank, N.A. as trustee was filed on May 5, 1992. The defendant filed a motion to dismiss the action on October 2, 1992 because the FDIC had taken over The Bank Mart. The motion for summary judgment on liability was granted on November 16, 1992, and a motion to substitute Gateway Bank as the plaintiff was granted on December 21, 1992. The judgment of strict foreclosure was entered January 8, 1993. By that time the value of the property had declined to $25,000.
While this court is sympathetic to the defendant's problem, the plaintiff is still entitled to the claimed deficiency judgment. First of all, any claims that were made or could have been made in the foreclosure proceeding cannot be relitigated in the hearing on a deficiency judgment. Bank of Stamford v. Alaimo, 31 Conn. App. 1, 9, citing Cronin v. Gager-Crawford Co., CT Page 4821128 Conn. 688, 693. While some defenses may be raised to oppose a motion for deficiency judgment, the question is whether the defense could have been raised in the foreclosure proceeding. Bank of Stamford v. Alaimo, supra, 9. This would include claims that the plaintiff should have accepted a deed in lieu of foreclosure and that the mortgagee was not equitably entitled to recover interest from March or April 1991 to the date of foreclosure. At the time of foreclosure the court has discretion to withhold foreclosure or reduce the amount of the stated indebtedness based upon equitable considerations and principles. Hamm v. Taylor, 180 Conn. 491, 497. This arguably encompasses a claim of unreasonable delay by the bank in completing foreclosure in a declining real estate market.
Even if a defense of delay in completing the foreclosure proceedings could legally be raised at this time, it has no merit. Part of the delay was caused by the insolvency of Bank Mart, the stay of proceedings ordered by the court, intervention of the FDIC and substitution of a successor bank to the plaintiff. Most of the delay was caused by the defendant in contesting the foreclosure proceedings. Without his opposition, a judgment of strict foreclosure would have been entered in August or September 1991, prior to the failure of The Bank Mart. The motion for deficiency judgment was timely, and there was no decline in the fair market value of the property between the date of strict foreclosure and the date when the plaintiff obtained the property.
The debt on January 8, 1993 when the judgment of strict foreclosure was entered was $95,305.43. The total amount of the debt, including appraiser's fees, attorney's fees, costs and interest from the date of judgment to March 4, 1993 when the plaintiff obtained title and the attorney's and appraiser's fees on this motion total $101,097.68. The value of the property when title vested in the plaintiff was $25,000. A deficiency judgment may enter in the amount of $76,097.68.
ROBERT A. FULLER, JUDGE