[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
I.
Introduction
On or about November 9, 1989, Theodore Dombroski and Vicki L. Dombroski signed a note promising to pay Commonwealth Mortgage Company, Inc. the principal sum of $180,000.00. They also mortgaged to Commonwealth Mortgage Company, Inc. a certain piece or parcel of land known as 65 Valley Drive, South Windsor, Connecticut.
Commonwealth Mortgage Company, Inc. subsequently assigned all of its right, title, and interest in said note and mortgage to the plaintiff Federal National Mortgage Association. The defendants have admitted that they have not paid the installment of principal and interest due on July 1, 1992 and thereafter. The plaintiff has exercised its option to declare the entire balance on the note due and payable.
The defendants have filed a special defense alleging that they tendered full payment on the debt when they offered a deed to the property at a time when the market value exceeded the debt. The plaintiff has now moved for summary judgment maintaining that as the defense is not valid and that as there are no facts in issue, judgment should enter in favor of the plaintiff.
 II.
Discussion
While Connecticut appellate courts have not yet ruled on this issue, there are several trial court decisions. Judge Satter has decided that "a debtor has no right to deed the property securing the debt to the creditor in settlement of the debt where the contract provides for payment in money." CT Page 5073 Bank of Boston Connecticut v. Platz, 41 Conn. Sup. 587, 590
(1991) quoting 60 Am.Jur.2d, Payment 51, pp. 911-12. "Offer of property is not full payment of the debt, 60 Am.Jur.2d, Payment 32, 51; 55 Am.Jur.2d, Mortgages 437; even if the value of the property exceeds the debt." Platz, 41 Conn. Sup. at 591.
This position was later adopted by Judge Schaller in Glastonbury Bank Trust Co. v. Petco Associates,5 Conn. L. Rptr. 808, 809 (1992), in which he rejected the defendant's claim that no deficiency should enter due to the offer of the deed. Judge Lewis recognized this principle most recently in People's Bank v. Miller, 8 Conn. L. Rptr. No. 18, 573 (May 3, 1993). He noted, at 574, "[a]lthough a bank cannot be forced to take deed in lieu of foreclosure, nevertheless, a bank cannot act improperly or delay so as to obtain relief to which it is not equitably entitled."
The court, in Platz, also stated that "the offer of the deed is not tender of full payment because of potential questions of the validity of title conveyed by the deed." Id. Judge Satter thus granted a motion to strike the plaintiff's special defense of tender of the deed to the property. Id. at 592.
Other judges have held, however, that tender of the property is a valid special defense in a foreclosure action. In Home Savings of America, F.A. v. Chiapetta,8 Conn. L. Rptr. No. 7, 223 (February 15, 1993), Judge Nigro noted that "it is possible for the defendants to make a factual showing . . . which would warrant a limitation of the interest and other charges to which the plaintiff might be entitled from the date of tender."
In Citicorp Mortgage, Inc. v. Upton, 42 Conn. Sup. 302
(1992), Judge Freed refused to allow interest and late charges beyond the date he found the plaintiff should have accepted the defendants' offer of good title. Citing Warner v. Konover, 210 Conn. 150, 154 (1989), he noted that "every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Id., 304. Additionally, he commented on the equitable nature of foreclosure proceedings quoting Hamm v. Taylor, 180 Conn. 491, 497
(1980) in which the court stated "[a] trial court in foreclosure proceedings has discretion on equitable considerations CT Page 5074 and principles, to withhold foreclosure or to reduce the amount of the stated indebtedness. . ."
This court is in agreement with Judges Nigro and Freed. The plaintiff has sought to foreclose on the property and not sue on the note. The defendants may well be able to prove that the goal of obtaining the property could have been accomplished at an earlier time thereby reducing the interest and obviating the need for this action and its associated costs.[1] Equity demands that the defendants be allowed to put on proof of this defense. Hamm v. Taylor, supra, 497.
It is also important to note that in this case there are no junior encumbrancers claiming an interest in the property. To the extent any did exist, the bank would be justified in refusing a tendered deed due to the title problems. Similarly, a property with pollution problems would be grounds for refusing a deed.
The defendants' burden is very difficult. Yet, under this fact situation, they should be allowed to attempt to prove this defense. There are facts that must be decided and the motion for summary judgment is therefore denied.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT