[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
MOTION TO STRIKE [122]
This is an action to foreclose a commercial mortgage. The original principal amount of the mortgage was $625,000. The Connecticut National Bank was the original lender-mortgagee. By assignment, the named plaintiff claims to own the mortgage.
The principal defendant here is George W. Hannon, Jr. He has filed an answer, three special defenses, and a six-count counterclaim.
The plaintiff has filed a motion to strike one of the special defenses, three counts of the counterclaim, and parts of the counterclaim ad damnum. Plaintiff's Motion To Strike, September 30, 1993. [122]
A bare bones recital of the facts is sufficient for an understanding of the issues presented by the Motion To Strike.
The defendant Hannon claims that he and the Connecticut National Bank agreed to a modification of the terms of the mortgage note. According to Hannon, it was agreed that Hannon would pay down the principal mortgage by more than $300,000; in return, Connecticut National agreed that Hannon need only pay interest until the mortgage security was sold. Relying on the claimed agreement, Hannon says he paid Connecticut National the agreed principal payment and made interest payments on a current basis. Then, in breach of the claimed agreement, Connecticut National demanded full payment of the debt and brought this action.
The Third Special Defense states:
 "The plaintiff has failed to mitigate its damages; namely, it refused a tender of the property when offered by the Defendant George Hannon, Jr. Answer, Special Defenses And Counterclaim of George W. Hannon, Jr. 
Susan L. Hannon, September 15, 1993, p. 3. [121]
There is no unanimity on this defense among the judges of the Superior Court. But the current count shows the defense is not favored. In this case, there are alleged to be substantial encumbrances junior to the plaintiff's mortgage. Complaint, 9 A and B. The allegations of the third special defense are insufficient. There is no claim asserted that the receipt of the property by the plaintiff would not be to its detriment. CT Page 2421
 "Moreover, the offer of the deed is not tender of full payment because of potential questions of the validity of title conveyed by the deed. The deed may later be attacked on the grounds it was not given for adequate consideration. Cohn v. Bridgeport Plumbing Supply Co., Inc., 96 Conn. 696, 706 (1921). 64 Conn. Bar J. No. 6, p. 433, 434, Caron D.R., `Connecticut Deeds in Lieu of Foreclosure, Lender Concerns and Title Issue.' Dec. 1990. If the mortgagor goes into bankruptcy, the bankruptcy court can set aside the deed as a preference. 64 Conn. Bar J, id. The deed given to the mortgagee can result in merger of the mortgage interest into the fee and extinguishment of the mortgage, Glotzer v. Keyes, 125 Conn. 227, 235 (1939), in the absence of evidence of mortgagee's contrary intent. These potential assaults upon the validity of the title conveyed by defendant's deed justify the plaintiff refusing to accept it in payment or in reduction of the debt. The deed is not the equivalent of a foreclosure judgment because, as stated by the Supreme Court in First Bank v. Simpson, 199 Conn. 368, 373-74 (1986), `A judgment of strict foreclosure vests absolute title in the foreclosing plaintiff, upon the failure of other parties to redeem the property. When title becomes vested it is free and clear of all foreclosed interest and, therefore, the foreclosing plaintiff can sell the property completely for its own profit. Any price received by the mortgagee is not subject to claims by parties whose interest have been foreclosed.'" Bank of Boston Connecticut v. Platz, 41 Conn. Sup. 587, 591-2 (1991).
As was pointed out in the context of a summary judgment ruling:
 "It is also important to note that in this case there are no junior encumbrancers claiming an interest in the property. To the extent any did exist, the bank would be justified in refusing a tendered deed due to the title problems. Similarly, a property with pollution problems would be grounds for refusing a deed." Federal National Mortgage Association v. Dombroski, ___ CSCR ___ (May 24, 1993).
The Third Special Defense is ordered stricken. CT Page 2422
The Third Count of the Counterclaim is claims a CUTPA violation. The claimed violation lies in the plaintiff's [or Connecticut National's] wrongfully demanding full payment of the balance due after the Defendant, George Hannon, Jr., performed his obligation under the modified agreement." Answer, Special Defenses And Counterclaim of George W. Hannon, Jr. Susan L. Hannon, September 15, 1993, p. 5. [121]
The single breach of a contract does not constitute a practice. Therefore the defendant has not alleged a CUTPA cause of action.
The Third Count of the Counterclaim is ordered stricken.
In the Fifth Count of the Counterclaim, defendant claims plaintiff's conduct and its effect on the him constitute an intentional infliction of emotional distress. The vitals of this cause of action were spelled out in Petyan v. Ellis, 200 Conn. 243,253 (1986). The court cannot consider plaintiff's conduct as "extreme and outrageous" or that its "conduct exceed[ed] usually tolerated by decent society." Petyan v. Ellis, 200 Conn. 243,253-254 and fn. 5 (1986). The Fifth Count of the Counterclaim is ordered stricken.
Plaintiff has moved to strike the Sixth Count of the Counterclaim; defendant labeled this count as "Unintentional Infliction of Emotional Distress."
The plaintiffs contends, and the defendant appears to concede, that there is no Connecticut case which permits this cause of action for a mere breach of contract. Memorandum of Law In Support of Plaintiff's Motion To Strike, September 30, 1993, pp. 12-13 [123]; Defendant's Memorandum of Law In Opposition To Plaintiff's Motion To Strike Dated September 30, 1993, November 3, 1993, p. 13. [ ].
The court believes that the breach of a commercial agreement ordinarily could not be the basis for an unintentional infliction of emotional distress cause of action. There are no facts plead by defendant which takes this case out of the ordinary.
Supreme Court cases dealing with the unintentional infliction of emotional distress all state that the claimant must allege that the wrongdoer should have realized the risk of the infliction of emotional distress. CT Page 2423
 "In Montinieri v. Southern New England Telephone Co., supra, we held that a plaintiff may recover for unintentional infliction of emotional distress even if the distress does not result in subsequent bodily injury and the plaintiff was not at risk of harm from physical impact. We limited such recovery, however, to cases where the defendant should have realized-that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm. Id.; see also Buckman v. People Express, Inc., supra, 173; Morris v. Hartford Courant Co., supra, 683. We conclude that the same standard should apply to plaintiffs seeking damages for unintentionally-caused emotional distress resulting from fraud. The court also properly instructed the jury that the type of harm suffered must have been a reasonably foreseeable consequence of the defendants' actions. We note, however, that such damages must be specially pleaded and are only recoverable when the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm. Montinieri v. Southern New England Telephone Co., supra, 345." [Footnotes and internal quotation marks omitted] Kilduff v. Adams, 219 Conn. 314, 325-6 (1991).
The defendant has plead that plaintiff knew or should have known its actions might cause emotional distress. But this conclusory allegation is not supported by any fact allegations which point out why the risk of emotional distress should have been anticipated. For example, there is no allegation that plaintiff knew, or how it knew, that Hannon had a particularly fragile psyche or mental condition that would suffer because of its demand for payment. There being no allegation of how the plaintiff knew or should have known of defendant's condition which would suffer because of a common business setback, defendant has not stated a cause of action for the intentional infliction of emotional distress.
The Sixth Count of the Counterclaim is ordered stricken.
The plaintiff also moved to strike portions of the ad damnum of the Counterclaim. The claims for double and/or treble damages, CT Page 2424 and attorneys fees are stricken as the claims for same are based on the now stricken Third Count. The claim for punitive damages is not ordered stricken because it is in part based upon the Fourth Count which remains.
The Motion To Strike is granted to the extent set
Parker, J.