[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a foreclosure action brought by the plaintiff, Derby Savings Bank (Derby Savings) against the defendants, Geraldine Nesline, Harold A. Bochino, and the Pine Village Condominium Association. The operative complaint for this action is the one count complaint filed on September 29, 1995. Harold Bochino answered the complaint on December 14, 1995, denying any liability to Derby Savings. Bochino also filed three special defenses.
In the first special defense, Bochino alleges that he transferred his undivided one-half interest in the property to Nesline as part of their separation agreement in 1987, and therefore, any deficiency judgment should be rendered solely against Nesline, not against Bochino. In the second special defense, Bochino claims that any deficiency judgment should not exceed the difference between the valuation established by the Court, and the plaintiff's claim. Bochino argues, in the third special defense, that Derby Savings has not dealt fairly with him in three ways: first, by not redeeming "the mortgaged premises in a related foreclosure action in which Derby Savings is a party defendant, even though the property had a value of $15,000"; second, by waiting to foreclose on the premises until 1995, four years after the defendants defaulted on the property, and when the value of the property was much higher than it presently is; third, by failing to attempt to mitigate its damages since the date of the default.
On March 14, 1996, Derby Savings filed the motion for summary judgment that is presently before the Court, claiming that there is no genuine issue of fact concerning Bochino's defenses and Bochino and Nesline's liability under the complaint. In support of its motion, Derby Savings submitted a memorandum of law, several affidavits, and other documentary evidence. Bochino's memorandum in objection to the motion for summary judgment and supporting affidavit consists merely of a claim that Nesline has filed a Chapter 7 bankruptcy petition, and that this case must be stayed until relief is given from the automatic stay provisions of 11 U.S.C. § 362. However, on April 23, 1996, the Court, Vertefeuille, J., denied Bochino's motion CT Page 4010-G to stay the proceedings. The Court found that Nesline had been discharged from bankruptcy on February 23, 1996. Bochino made no other arguments in opposition to the motion for summary judgment.
Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Waterand Way Properties v. Colt Mfg. Co., 230 Conn. 660, 664,646 A.2d 143 (1994). The purpose of summary judgment is to eliminate the delay and expense of litigating an issue when there is no genuine issue to be tried. Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989).
The moving party bears the burden of establishing the non-existence of any material fact, . . . and the trial court must view the evidence before it in the light most favorable to the nonmoving party. Honan v. Greene, 37 Conn. App. 137, 139-140,655 A.2d 274 (1995). However, an opposing party cannot simply claim that a disputed issue exists. Merely asserting that material facts exist is insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented by the court in support of a motion for summary judgment. Water and Way Properties v. Colt Manufacturing,Inc., supra, 230 Conn. 665. The genuine issue aspect requires the non-moving party to supply before trial evidentiary facts, or substantial evidence outside the pleadings, from which the court can reasonably determine that material facts exist.Na-Mor, Inc. v. Roballey, 24 Conn. App. 215, 217, 587 A.2d 427
(1991).
"As a general rule, defenses available in a foreclosure action are limited to payment, discharge, release, satisfaction or invalidity of a lien. However, since foreclosure is an equitable proceeding, the court may consider, aside from these specifically enumerated defenses, all relevant circumstances to ensure that complete justice is done. The determination of what equity requires in a particular case is a matter for the discretion of the court." (Internal citations omitted.)Shawmut Bank v. Carriage Hill Estates, Superior Court, Docket No. 11 65 93, judicial district of Waterbury (June 10, 1994, West, J.).
Because they are not recognized defenses, the first and CT Page 4010-H second special defenses are invalid. "Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage." Shoreline Bank Trust Co. v. Leninski,8 Conn. L. Rptr. 522, 524 (March 19, 1993, Celotto, J.). That Bochino entered into an indemnification agreement with Nesline is irrelevant to the matters between Bochino and Derby Savings. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164; Federal Deposit Ins. Corp. v. Napert-BoyerPart., 40 Conn. App. 434, 445 (1996). The first two special defenses fail to do this and are thus, ineffective.
The final special defense is also not one of the recognized defenses. However, a claim that Derby Savings failed to mitigate its damages invokes the equity power of this Court, which feels obliged to consider the claim. Bochino argues that Derby Savings failed to mitigate its damages, thereby reducing the amount of damages Bochino should have to pay. In response to this argument, Derby Savings cites several cases that stand for the proposition that a holder of a note does not have to accept property as full payment for that debt. See FirstFederal Bank of Connecticut v. Zavatsky, 9 CSCR 420 (April 24, 1994, Moraghan, J.); Bank of Boston v. Platz, 41 Conn. Sup. 587,589, 596 A.2d 31 (1991) (The general rule is that both payment of and tender of payment of the debt must be in money, unless the parties agree otherwise, or the obligee consents to accept some other medium of payment.) Maryon's Bank Shops v. ArrowStores, 149 Conn. 149, 155-56, 176 A.2d 574 (1961). Additionally, this Court found earlier this year that the tender of a payment of a debt generally involves the actual production of money to satisfy the debt, and does not include the acceptance of a deed in foreclosure. People's Bank v. Lucas, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 126390 (Jan. 19, 1996, Kulawiz, J.). Therefore, the third special defense is also ineffective.
The motion for summary judgment is granted against Bochino and Nesline, because no material questions of fact are in disputed. Derby Savings has produced sufficient evidence that the note was issued, that Bochino and Nesline defaulted on the note, and that there are no valid defenses to the foreclosure action. Additionally, Bochino has not carried his burden under Practice Book § 380, which requires that all opposing parties to CT Page 4010-I a motion for summary judgment file affidavits, documents or exhibits to support their objection to the motion. Duhaime v.American Reserve Life Insurance Company, 200 Conn. 360, 363,511 A.2d 333 (1986). Because Bochino has failed to set forth facts demonstrating a specific issue for trial, this Court is entitled to rely upon the facts stated in Derby Saving's affidavits.Kakadelis v. DeFabritis, 191 Conn. 276, 281, 464 A.2d 57 (1983). Therefore, no material questions of fact exist. Accordingly, the motion for summary judgment is granted.
KULAWIZ, J.