[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES(DOCKET ENTRY NO. 110
On September 26, 1995, the plaintiff, Citicorp Mortgage, Inc., filed a one count complaint in foreclosure against the defendants, Phillip E. Miller and Suzanne J. Kotyuk. The plaintiff alleges that on March 31, 1988, it loaned the defendants $112,500, for which the defendants executed a promissory note secured by property located in Bridgeport, Connecticut. The plaintiff alleges that the defendants defaulted on March 1, 1995.
The defendants filed their answer and five special defenses on March 22, 1996, alleging laches, violation of the covenant of good faith and fair dealing, inequitable conduct, estoppel, and failure to act in a commercially reasonable manner. On June 13, 1996, the plaintiff filed a motion to strike the defendants' special defenses, which was granted by this court on August 14, 1996. On August 29, 1996, the defendants refiled the same special defenses alleging additional facts. The plaintiff filed a motion to strike the defendants' special defenses on October 11, 1996. The plaintiff filed a memorandum of law in opposition on June 26, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [nonmoving party]." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the CT Page 6650 allegations . . . . It does not include, however, the legal conclusions or opinions stated in the [pleading] . . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra,224 Conn. 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992).
The plaintiff contends that the defendants' first special defense of laches is legally insufficient in that the defendants have not alleged an inexcusable delay or prejudice. The defendants argue that such a defense goes toward the amount the plaintiff would be entitled to in a deficiency judgment.
"Laches consists of an inexcusable delay which prejudices the defendant . . . . Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant . . . . Absent prejudice to the defendant, the mere lapse of time does not constitute laches." (Citations omitted; internal quotation marks omitted.)Giordano v. Giordano, 39 Conn. App. 183, 213, 664 A.2d 1136
(1995).
The defendants allege that they made workout proposals to the plaintiff prior to the March 1995 default, and that the plaintiff's institution of this action, in September of 1995, constitutes laches. The defendants also allege that the plaintiff's failure to address their workout proposals and its delay in bringing this action was inequitable conduct. Although a defense of laches may be interposed in a foreclosure action to reduce the amount that may be ultimately owed after a deficiency proceeding; Bank of Stamford v. Alaimo, 31 Conn. App. 1, 7,622 A.2d 1057 (1993); the defendants have not alleged any facts showing how they were prejudiced by this six month delay. The defendants argue in their brief that the fair market value declined during the period of the delay, however, they have not alleged facts regarding the decline in market value in their special defense. CT Page 6651
The defendants also allege the plaintiff's failure to address their workout offers is a breach of the implied covenant of good faith and fair dealing.
"[E]very contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of theagreement." (Emphasis in original; internal quotation marks omitted.) Home Insurance Co. v. Aetna Life Casualty Co.,235 Conn. 185, 200, 663 A.2d 1001 (1995). However, "in the absence of a restructure agreement in the loan documents, a failure by the [plaintiff] to attempt to negotiate or restructure the terms of the loan after default, and then seeking foreclosure, does not constitute a breach of the implied covenant of good faith and fair dealing." Great Country Bank v. Kiely, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047460 (October 19, 1995, Curran, J.). "The covenant of good faith and fair dealing that is implied in every contract and the duty of fair dealing it imposes on the parties does not alter the terms of a written agreement and cannot be invoked by a debtor to preclude a creditor from exercising its bargained-for rights under a loan agreement." Shawmut Bank Connecticut N.A. v. Chorches, Superior Court, judicial district of Tolland at Rockville, Docket No. 057587 (September 8, 1995, Hammer, J.).
In the defendants' remaining special defenses, the defendants allege inequitable conduct, estoppel and failure to act in a commercially reasonable manner based on the plaintiff's refusal to engage in workout negotiations and to accept a deed in lieu of foreclosure. However, unless provided for in the loan documents, the lender has no duty to enter into workout negotiations with a mortgagor, therefore, a failure to do so does not implicate the making, validity or enforcement of the note. Dime Savings Bank ofNew York, FSB v. Furey, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047557 (April 1, 1996, Curran, J.); see also Berkeley Federal Bank Trust v. Rotko,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (January 25, 1996, West, J.); Berkeley FederalBank Trust v. Phillips, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (January 23, 1996, West, J.). Furthermore, the offer of a deed is not equivalent to a judgment of foreclosure. Bank of Boston Connecticut v. Platz,41 Conn. Sup. 587, 591-92, 596 A.2d 31 (1991). Although the defendants argue that the property does not have any other CT Page 6652 encumbrances, acceptance of the deed may later be attacked on the ground of a lack of adequate consideration, or may be set aside as a preference should a mortgagor go into bankruptcy. Id., 592. Additionally, "`[a] debtor has no right to deed the property securing a debt to the creditor in settlement of the debt where the contract provides for payment and money.'" Id., 590. Accordingly, the plaintiff's motion to strike the defendants' special defenses is granted.
WEST, J.