[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT(DOCKET ENTRY NO. 109)
On March 15, 1996, the plaintiff, Chase Manhattan Bank of Connecticut, filed a one count complaint in foreclosure against the defendant, Ronald M. Bonassar. The plaintiff alleges in its complaint that on September 25, 1986, the defendant and Maron J. Bonassar (now deceased) executed a promissory note in the principal amount of $124,000 in favor of Mechanics and Farmers Savings Bank, FSB, which was secured by a mortgage on property located in Bridgeport, Connecticut. The plaintiff further alleges that the note was assigned to the plaintiff, and that the mortgage was assigned to Cititrust, and was subsequently assigned to the plaintiff by the Federal Deposit Insurance Co. as receiver for Cititrust. The plaintiff alleges that the defendant defaulted on his payments beginning on May 12, 1995, and that the unpaid portion of the note has been accelerated.
The defendant filed an answer and special defenses on May 20, 1996. The plaintiff filed a motion to strike the defendant's special defenses on August 5, 1996, which was granted by this court on August 26, 1996. The plaintiff has now filed a motion for summary judgment as to liability only, on the ground that there is no genuine issue of material fact as to the facts alleged in the complaint, and therefore, the plaintiff is entitled to judgment as a matter of law. The defendant filed a memorandum in opposition on October 15, 1996.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any CT Page 6985 material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci,238 Conn. 800, 805, 679 A.2d 945 (1996).
The plaintiff has provided certified copies of the note, mortgage and assignments, and copies of the recorded lis pendens and the defendant's answer. The plaintiff has also submitted an affidavit in which an officer of the plaintiff attests that the plaintiff is the holder of the note and the defendant is in default. The defendant argues that there are genuine issues of material fact in that the plaintiff refused to accept partial payments, a deed in lieu of foreclosure, and that the amount due is in dispute. Nevertheless, paragraph 5(B) of the note provides that if "I do not pay the full amount of each payment on the date it is due, I will be in default." (Emphasis added.) Moreover, the offer of a deed is not equivalent to a judgment of foreclosure. Bank of Boston Connecticut v. Platz, 41 Conn. Sup. 587,591-92, 596 A.2d 31 (1991).
Clearly, the defendant's arguments address the amount ultimately due, and do not contest his liability on the note and mortgage. Accordingly, the plaintiff's motion for summary judgment as to liability only is granted.
WEST, J. CT Page 6986