[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSES (#116)
The plaintiff, The Dime Savings Bank of New York, FSB ("Dime Savings" or "plaintiff"), commenced this foreclosure action by complaint dated April 7, 1998 against the defendants, Joseph Mallozzi ("Mallozzi" or "defendant"), Courtland Glen Cooperative, Inc. and the City of Stamford. The plaintiff commenced this action against the defendant Mallozzi to foreclose a mortgage on the property known as 398 Courtland Avenue, Apartment 16, Stamford, Connecticut, which was executed on May 29, 1987. The plaintiff seeks foreclosure of the mortgage, monetary damages, possession of the mortgaged premises, appointment of a receiver of rents, a deficiency judgment, reasonable attorney fees and costs and other relief as the court may deem just.
On June 23, 1998, defendant Mallozzi filed an answer and a special defense. The defendant alleged in his special defense that he "tendered a deed in lieu of foreclosure in an attempt to resolve the matter [and that] the Plaintiff failed, neglected or refused to accept such deed [and as] a result of the foregoing CT Page 12580 the Plaintiff is barred and estopped from pursuing this matter or securing a deficiency judgment."
Subsequently, on August 13, 1998, the plaintiff filed a motion to strike the defendant's special defense "for reason that said special defense alleges facts that are inconsistent with the Plaintiff's complaint, and inter alia, is insufficient as a matter of law." The plaintiff argues that the defendant's special defense "does not plead in confession and avoidance and does not attack the making, validity or enforcement of the Plaintiff's mortgage or note which is the subject of Plaintiff's foreclosure complaint."
The motion to strike is used to test the legal sufficiency of any pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); Practice Book § 152, now Practice Book (1998 Rev.) § 10-39. "[A] plaintiff can [move to strike] a special defense . . . ." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716
(1978); see also Connecticut National Bank v. Voog,223 Conn. 352, 354-55, 659 A.2d 172 (1995); Girard v. Weiss,43 Conn. App. 397, 417, 682 A.2d 1078, cert. denied, 239 Conn. 946,686 A.2d 121 (1996); Practice Book § 152, now Practice Book (1998 Rev.) § 10-39.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." FederalDeposit Insurance Corp. v. Napert-Boyer Partnership,40 Conn. App. 434, 445, 671 A.2d 1303 (1996); see Practice Book § 164, now Practice Book (1998 Rev.) § 10-50.
"In . . . ruling on the motion to strike, the trial court recognized an obligation to take the facts to be those alleged in the special defense and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). "[F]or the purposes of a motion to strike, the moving party admits all facts well pleaded." RK Constructors,Inc. v. Fusco Corp., 231 Conn. 381, 383, n. 2, 650 A.2d 153
(1994); see also Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). "Although the motion to strike admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Quimby v. KimberlyClark Corp., 28 Conn. App. 660, 664, 613 A.2d 838 (1992). CT Page 12581
"The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., supra,196 Conn. 108-09.
"The defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. . . In some cases however, [b]ecause a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done. . . . Accordingly, courts have permitted defendants to raise certain equitable defenses such as mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, refusal to agree to a favorable sale to a third party, usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration.
"Equitable special defenses are permitted but they are limited to those which attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder. . . . The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) HomeSavings of America v. Newkirk, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 150962 (Jan. 5, 1998,Hickey, J.).
The defendant alleges as a special defense that "[t]he Defendant has tendered a deed in lieu of foreclosure in an attempt to resolve this matter. The Plaintiff failed, neglected or refused to accept such deed. As a result of the foregoing the Plaintiff is barred and estopped from pursuing this matter or securing a deficiency judgment." The plaintiff filed a motion to strike the defendant's special defense, arguing that it is insufficient as a matter of law since it "does not attack the making, validity or enforcement of the Plaintiff's mortgage or note which is the subject of the Plaintiff's foreclosure complaint." CT Page 12582
This court, Satter, J., held that "[t]he deed is not the equivalent of a foreclosure judgment because, as stated in FirstBank v. Simpson, 199 Conn. 368, 373-74, 507 A.2d 997 (1986), "[a] judgment of strict foreclosure vests absolute title in the foreclosing plaintiff, upon the failure of the other parties to redeem the property. When title becomes vested it is free and clear of all foreclosed interests and, therefore, the foreclosing plaintiff can sell the property completely for its own benefit. Any price received by the mortgagee is not subject to claims by parties whose interests had been foreclosed." Bank of BostonConnecticut v. Platz, 41 Conn. Sup. 587, 592, 596 A.2d 31 (1991) (granting the plaintiff's motion to strike the defendant's special defense that the defendant tendered a deed in lieu of foreclosure). "Offer of property is not full payment of the debt . . . even if the value of the property exceeds the debt." (Citations omitted.) Id., 591.
The defendant's special defense does allege one of the limited additional equitable defenses permitted by the court in a foreclosure action, specifically that a deed was tendered in lieu of foreclosure. However, the defendant's special defense does not attack the making, validity or enforcement of the note or mortgage, rather it attacks the act and procedure of the lienholder. Therefore, it is not proper as a matter of law and the plaintiff's motion to strike the defendant's special defense is granted.
HICKEY, J.