[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 22, 1998, Federal National Mortgage Association (Federal National) filed this foreclosure action against the defendants, Ottavio Mallozzi, Taylor Green Condominium Association, Inc., and Wanda Mieznikowska. The complaint names Taylor Green and Mieznikowska as co-defendants due to their interest in the subject property. Taylor Green may claim an interest in the property by virtue of unpaid condominium fees and Mieznikowska is a tenant or occupant of the condominium unit in question. The complaint alleges the following facts. Joseph D. Mallozzi executed a promissory note and mortgaged Unit #202 Taylor St. of the Taylor Green Condominium Association to secure the note. Subsequently, Connecticut National Bank successor in CT Page 1681 interest to Fidelity Trust Company, the original holder, assigned the mortgage and note to Federal National. Ottavio Mallozzi assumed the note and mortgage per an Assumption Agreement dated May 20, 1993. Mallozzi has allowed the payments to go into arrears and Federal National, in accordance with the provisions of the note, now seeks payment in full and has filed this foreclosure action in order to recover the outstanding balance.
Mallozzi filed an answer and a special defense, which asserts that Federal National is estopped from pursuing this foreclosure due to its failure to accept a deed in lieu of foreclosure. Federal National moves to strike Mallozzi's special defense on the ground that it is a not a valid defense to the a foreclosure action and has submitted a memorandum of law to support its motion. Mallozzi objects to Federal National's motion and has filed an opposing memorandum.
The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading. . . . (Citation omitted.) RK Constructors. Inc. v. Fusco Corp. , 231 Conn. 381,384, 650 A.2d 153 (1994).
"Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." (Internal quotation marks omitted.) Bouchard v. People's Bank,219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991). "In its ruling on the . . . motion to strike, the trial court . . . [should recognize] its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency. . . ." (Citations omitted.) Connecticut NationalBank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . ." (Citation omitted.) Grant v. Bassman, 221 Conn. 465, 472-73,604 A.2d 814 (1992).
"The traditional defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a CT Page 1682 lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident fraud, equitable estoppel, CUTPA, laches breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses . . . cannot attack some act or procedure of the lienholder. . . ." First Union Bank of Connecticut v. Costantini, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 059387 (August 7, 1997, Curran, J.), see Home Savingsof America v. Newkirk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150962 (January 5, 1998,Hickey, J.) (equitable special defenses permitted, but limited to ones that attack the making, validity or enforcement of the lien, rather than some act of the lienholder).
In the present case, Federal National maintains that Mallozzi has asserted an invalid special defense, because it fails to attack the validity, making or enforcement of the note and is directed toward Federal National's actions. Federal National cites several Superior Court decisions where the trial court struck a defendant's special defense that attacked the actions of the foreclosing lender. In opposition, Mallozzi asserts that he has raised a proper defense and that his defense goes to the enforcement of the note.
Mallozzi asserts, that he "has tendered a deed in lieu of foreclosure in an attempt to resolve this matter, the plaintiff has failed, neglected or refused to accept such deed, and as a result the plaintiff is barred and estopped from pursuing this matter or securing a deficiency judgment", as his special defense. In his memorandum, Mallozzi asserts that Federal National rejected his offer of the deed on June 23, 1998, a month after Federal National filed this action. The Superior Court has CT Page 1683 found that defenses dealing with the conduct of the lender after execution of the mortgage may not be asserted in a foreclosure action as a defense, and such assertions do not deal with the making, validity or enforcement of the note. Bank United of Texasv. Delvecchio, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 058535 (April 2, 1998,Curran, J.) (oral agreement to accept payments on the amounts in arrearage did not address the making, validity or enforcement of the lien); Empire Mortgage v. Sinotte, Superior Court, judicial district of Waterbury. Docket No. 130113 (June 15, 1998, West,J.) (the court struck the defendant's first special defense regarding, allegations of an improper accounting, because it failed to attack the making, validity or enforcement of the note). Therefore, the court should grant Federal National's motion to strike, because Mallozzi's special defense is not directed toward the making, validity or enforcement of the note, it addresses Federal National's refusal to accept the deed after the foreclosure action was commenced.
Furthermore, the Superior Court has also found that a defendant's offer to tender the deed in a foreclosure is not a valid defense, because the plaintiff mortgagee is under no obligation to accept it. "The general rule is that both payment of and tender of payment of [a] debt must be in money, unless the parties agree otherwise, or the obligee consents to accept some other medium of payment. . . . [T]he Supreme Court defined tender as an offer to pay a debt . . . [and] the offer to pay involves, as a general rule, the actual production of the money and the placing of it in the power of the person entitled to receive it. . . . This rule applies to mortgage debts. A debtor has no right to deed the property securing a debt to the creditor in settlement of the debt where the contract provides for payment in money. . . ." (Citation omitted; internal quotation marks omitted.) Bank of Boston Connecticut v. Platz, 41 Conn. Sup. 587,596 A.2d 27 (1991); GHRDC Inc. v. Cummings, Superior Court, judicial district of Middlesex, Docket No. 074227 (April 12, 1995, Aurigemma, J.); Shawmut Bank Connecticut v. RensynAssociates, Superior Court, judicial district of Middlesex, Docket No. 071169 (April 12, 1995, Aurigemma, J.). In Bank ofBoston Connecticut v. Platz, supra, 41 Conn. Sup. 587, the defendants in a foreclosure action offered the deed to the foreclosing plaintiff in an attempt to reduce their overall debt. The plaintiff refused to accept the deed and moved to strike the defendants' special defense which asserted that the plaintiff was not entitled to interest accruing after the date that the CT Page 1684 defendant offered the deed. The court, Satter, J., granted the plaintiff's motion to strike the defendant's first special defense based upon the rule of law above, payment of a debt must be in money. The court, Aurigemma, J., in both Shawmut BankConnecticut v. Rensyn Associates, supra, Superior Court, Docket No. 071169 and GHRDC, Inc. v. Cummings, supra, Superior Court, Docket No. 074227 followed the reasoning set forth in Bank ofBoston Connecticut and struck the each of the contested special defenses which were based upon the plaintiffs refusal to accept a deed in lieu of foreclosure.
In regards to the present case, the court strikes Mallozi's offer of the deed as a special defense, due to its failure to attack the validity, making, or enforcement of the mortgage. Additionally, the court follows the reasoning set forth in Bankof Boston Connecticut v. Platz, supra, 41 Conn. Sup. 587 and grants the plaintiffs motion to strike, because payment of a debt must be in money, therefore Mallozi's offer of the deed is not a valid special defense.
So Ordered.
_________________ HICKEY, J